| 14 | 341 |
| 78 | 527 |

## BENJAMIN SCOTT v. D. B. DELK.

Objections to depositions on the ground that the cross interrogatories have not been fully answered, go to the manner of taking, and should be in writing, and notice thereof given to the opposite party before the trial commences.

Appeal from Smith.

*S. Reeves*, for appellant.

*B. T. Selman*, for appellee.

WHEELER, J. The deposition of the witness Mitchell was excluded on the ground that the cross interrogatories, propounded by the plaintiff, were not answered. The answers of the witness, it is true, were not repeated at length to the cross interrogatories; for the reason that the interrogatories contained nothing touching which he had not fully answered in his responses to the interrogatories in chief; and he answered the cross interrogatories by simply referring to his previous answers, where the information sought was given. Perhaps in strictness, the plaintiff had a right to have the answers repeated to his cross interrogatories, in the form in which they were propounded. But his objection to the depositions would certainly have been entitled to be viewed more favorably, if they had not been reserved until the depositions were offered in evidence upon the trial; thus depriving the defendant of the opportunity of supplying the defect in his evidence. The plaintiff first objected to certain of the interrogatories and answers, because, as he alleged, the questions were leading. The objections having been sustained,—whether rightly or not, it

is not material now to enquire,—he then objected to the read-
ing of any portion of the depositions, on the ground indicated.
The objection seems not previously to have occurred to the
plaintiff; and, under the circumstances, it may well have taken
the defendant by surprise.   The testimony of the witness Hill,
as to the admissions made by Mitchell, the payee, before the
transfer of the note, were rightly excluded when objected to
by the plaintiff, on the ground that Mitchell himself had been
made a witness by the defendant by taking his deposition, and
his testimony was better evidence than his declarations.   But
by the exclusion of the deposition of Mitchell, the defendant
was wholly deprived of the evidence relied on to establish his
defence.   It seems to us that there may be reason to appre-
hend that justice has not been done.   The surprise was made
the ground of an application for a new trial; and, under the
circumstances, and the more especially, as an inspection of the
records leads to the apprehension that the justice of the case
may not have been attained, we think a new trial ought to
have been awarded; and are of opinion, therefore, that the
judgment be reversed, and the cause remanded for a new trial.

                                Reversed and remanded.