## J. P. MILLS v. W. S. HERNDON.

(Case No. 4111.)

1. DEED BY FOREIGN EXECUTOR.— An executor acting under authority of a will probated in another state can perform no act as such in Texas until he has complied with the statute in filing and recording such will. Until then, his conveyance of real property of the estate, situate in Texas, cannot pass the title, nor can his subsequent compliance with the statute in filing and recording the will relate back and validate conveyances made without authority. But this rule does not apply when the executor is a devisee under the will; his conveyance as executor would be validated by a subsequent filing and recording of the will.

2. SAME.— When there was nothing on the face of a deed made by one having an interest in land as heir at law and devisee to show that he was acting as executor under a will made in another state and not filed or recorded in Texas, except the fact that the words "executor of C. P. Green, deceased," were appended following his signature, *held*, that the deed passed to and vested in the purchaser all the interest of the vendor, whether as heir at law or devisee under the will.

3. EVIDENCE — LOST DEED.— When one in possession of land, claiming the same under a lost or destroyed deed, has for a long period of time exercised acts of ownership and control under it, strict proof will not be required to establish its former existence, contents and loss. Following Lewis *v.* Baird, 3 McLean, 56. It is otherwise when he has neither asserted ownership or control of the property for a long period of time, and seeks to set aside the apparent title vested by written conveyance in another. In such case, clear proof of the former existence and execution of his deed, and of its contents, must be made.

4. EVIDENCE.— See opinion for a question to a witness held to be leading, and suggesting the answer desired. But objections to such a question, when the witness testifies by deposition, go to the manner and form of taking, and must be made previous to the commencement of the trial, or will be regarded as waived.

5. PROBATE JURISDICTION.— Proceedings in the probate court are not subject to collateral attack on the ground of a want of jurisdiction, unless it sufficiently appears from the record itself that its jurisdiction did not attach in the particular case. The question must be tried by the recitals of the record itself and the presumptions arising therefrom.

APPEAL from Grayson. Tried below before the Hon. Jos. Bledsoe.

Appellant having been appointed guardian *ad litem* of the minor heir of S. H. Toler, deceased, by the district court of Grayson county, for the purpose of instituting this suit, filed his petition in the ordinary form of an action of trespass to try title on the 15th day of February, 1879, against the defendants, to recover the land in controversy, and for the cancellation of their deeds, claiming that the defendants, except W. S. Herndon, were in possession.

Answer by general denial. By special answer the defendants in

possession alleged that they had adverse possession of the land, described by metes and bounds, as purchasers in good faith for more than one year next before the commencement of the suit, and suggested improvements in good faith, deraigning their title from C. P. Green, the patentee, by attorney T. J. Green, to Wm. Johnson, of date ——, 1841; an inheritance from said Johnson by them as heirs, and as purchasers from the heirs.

The defendant W. S. Herndon claimed the land through a deed from Peter McGreal, who, he claimed, administered upon the estate of C. P. Green, in Brazoria county, Texas, on the 8th day of January, 1849, to James McFadden; deed from McFadden to James Dockrill; deed from Dockrill to James A. Miller; deed from Miller to Mary C. McGreal; deed from Mary C. McGreal to W. S. Herndon, J. C. Robertson and H. C. Hunt; deed from J. C. Robertson to W. S. Herndon; deed from H. C. Hunt to W. S. Herndon.

The cause was submitted to a jury at the September term of the district court, 1879.

Verdict in favor of the defendants, and judgment accordingly.

The deed from T. J. Green, as attorney of C. P. Green, to Wm. Johnson was claimed to have been destroyed by fire in 1842.

*Wood & Wilkins* and *Mills & Witherspoon*, for appellants.

*Hare & Head* and *A. E. Wilkinson*, for appellees, except Herndon, cited on the deposition: Ballard *v.* Perry, 28 Tex., 360, 366; Scott *v.* Delk, 14 Tex., 341.

On presumption of powers to make deed they cited: Johnson *v.* Shaw, 41 Tex., 430; Johnson *v.* Timmons, 50 Tex., 532; Veramendi *v.* Hutchins, 48 Tex., 552; Watrous *v.* McGrew, 16 Tex., 506; Dailey *v.* Starr, 26 Tex., 562; Hooper *v.* Hall, 35 Tex., 83; Able *v.* Sparks, 6 Tex., 349; Long *v.* Steiger, 8 Tex., 460, 462; Payne *v.* Benham, 16 Tex., 369, 370; Garrison *v.* Blanton, 48 Tex., 303.

*W. S. Herndon*, for appellee, cited: 42 Tex., 314; 47 Tex., 355; 46 Tex., 472; 27 Tex., 496; 15 Tex., 615, and cases cited; Burdett *v.* Silsbee, 15 Tex., 618, and cases cited; Thompson *v.* Talmic, 2 Pet., 168, 169; Perkins *v.* Fairfield, 11 Mass., 227; McPherson *v.* Cunliff, 11 Serg. & Rawle, 429; Gregnon's Lessee *v.* Astor, 2 Howard, 342, 343; 6 Pet., 729; Vorhees *v.* Bank of the United States, 10 Pet., 477, 478.

WATTS, J. COM. APP.— Appellants claimed the land in controversy by two distinct and different deeds, the first executed the 12th

day of December, 1873, to their mother, S. H. Toler, and signed "Nath'l T. Green [seal], executor of C. P. Green, deceased; Lucy Alston Green [seal]. The second, executed the 3d day of April, 1874, to S. H. Toler by N. P. Green, as executor of the will of C. P. Green, deceased. In this he was also joined by his wife, Lucy Alston Green. By the first, which was executed and acknowledged in Tennessee, two tracts of land situated in this state were described — one the tract in controversy. That deed was recorded in Grayson county, February 17, 1874. The other deed conveyed the same land, and, besides, all the interest and effects of the estate. C. P. Green died testate in the state of North Carolina in 1843, where his will was probated the same year, by which his brothers, Thos. J. Green and N. T. Green, were his legatees and devisees, except as to some personal property and money which was given to certain servants. And N. T. Green was nominated as executor, and qualified under the will.

By the charge of the court it seemed that both of the deeds to Mrs. Toler were made by Nath'l T. Green, as executor of C. P. Green, deceased, and as the will of the latter had never been probated or properly filed and recorded in this state, and as Nath'l T. Green had never qualified here as executor, that therefore no title passed by reason of said deeds. This charge determined the case in the court below against appellants, and they claim that the charge is erroneous, because it appeared from the record that Nath'l T. Green was an heir at law of C. P. Green, deceased; and, also, that he was a legatee and devisee under his will, and that the will was admitted to probate in Grayson county on the —— day of September, 1879. That the probate of the will in Grayson county related back to, and validated the conveyances. And if this was not true, then the conveyance first made passed all the interest that Nath'l T. Green had in the land, either as heir at law or devisee under the will.

It seems to be well established law, that an executor acting under a will probated in another state would have no authority to do any act in this state, as such executor, until he had complied with our statute in respect to the filing and recording such will. In Holman v. Hopkins, 27 Tex., 38, it is said, in effect, that it is well settled that the law of the place of the actual domicile is to govern his testamentary disposition of his personal property, wherever it may be situated. But as to real property the law of the place where land is situated governs, not only as to the capacity of the testator and the extent of his power to dispose of the property, but

also as to the forms and solemnities necessary to give to the will its due attestation and effect. And in Houze v. Houze, 16 Tex., 598, it was held that it was not necessary, in order to admit a will probated in another state to record here, and give it the effect contemplated by the statute, to prove by other evidence that it had been legally probated in such other state.

The failure to comply with the statute in filing and recording such will goes to the authority of the executor, and the subsequent compliance with the statute would not relate back and give validity to previous acts done without authority. But this rule would not apply to conveyances made by devisees under such a will. Their conveyances might be cured or healed by a subsequent filing and recording the will, if the rights of innocent third parties had not interposed. To this effect, as we understand it, is the case of March v. Huyter, 50 Tex., 253.

In the first conveyance there is nothing upon the face of the deed to indicate that Nath'l T. Green was there acting as executor of C. P. Green, deceased. The same purports to be a conveyance with special warranty by Nath'l T. Green, joined by his wife, to S. H. Toler of the land in controversy and another tract. The mere fact that he appended "executor of C. P. Green, deceased," to his signature, would not have the effect of making it the deed of him as executor only. Nor does it seem to us that the fact that the commissioner, in his certificate of acknowledgment, states that the grantor acknowledged the deed as executor of C. P. Green, deceased, would have the effect to thus limit the operation of the same.

The statute then in force provided "That all alienations of real estate, made by any person, purporting to pass or assure a greater right or estate than such person may lawfully grant or assure, shall operate as alienations of so much of the right and estates in such lands, tenements or hereditaments, as such person may lawfully convey." Pasch. Dig., art. 998.

It would seem that the deed under consideration passed to, and vested in, Mrs. Toler all the right, title, interest and claim that Nath'l Green then had in the land, whether as heir at law, devisee under the will of C. P. Green, or as purchaser. This being true, it follows that the charge of the court was erroneous, and this requires a reversal of the judgment.

Appellees, except W. S. Herndon, claim through a supposed deed executed by T. J. Green, as agent of C. P. Green, to Johnson, in 1841, and which, it is claimed, was destroyed by fire in 1842, and

through mesne conveyances from Johnson's heirs, subsequent to his death in 1874.

Where a party, under a lost or destroyed deed, has exercised acts of ownership and control under it, after a great lapse of time strict proof is not required to establish its existence, contents and subsequent loss. Berry v. Jourden, 11 Rich. (S. C.) L., 67; Lewis v. Baird, 3 McLean, 56. But where the party claiming under such lost or destroyed deed has permitted a great lapse of time without asserting ownership and control over the property, before he can have title to the land, duly authenticated by written evidence, set aside or vacated on the assumption of the previous lost deed, he must adduce clear proof, not only of the existence and execution of the purported deed, but also so much of its contents as will enable the court to determine the character of the instrument. Metcalf v. Van Benthuysen, 3 Comst. (N. Y.), 424.

The rule is well established that after a long time has elapsed from and after the execution of a deed which purports to have been made by virtue of a power of attorney or other written authority, that the power will be presumed. Veramendi v. Hutchins, 48 Tex., 552. But, as a general rule, this is true only where possession has followed the deed (Johnson v. Shaw, 41 Tex., 434, etc., and cases cited); although it has been said that " A like presumption has been indulged under peculiar circumstances, where possession had not followed the deed, and considerably less than twenty years had elapsed after its execution by the attorney." Watrous v. McGrew, 16 Tex., 506.

In this case, however, the only evidence of the existence of any power of attorney is that of one witness, who says the deed was made by T. J. Green, as agent of C. P. Green; that he knew nothing of any power of attorney. No possession followed the execution of the supposed deed until about thirty-three years after its supposed execution. Johnson, the grantee, it appears, lived in Dallas county, and died there in 1874, and it was after his death before any possession was taken or any open claim or control or ownership was asserted. His son says that he had heard his father say that he had purchased the land from C. P. Green's agent and owned it. When, where and under what circumstances that assertion was made does not appear.

Under the facts and circumstances of this case the evidence was not sufficiently clear as to the execution and contents of the purported deed to either form a predicate for a presumption of the power under which the supposed deed is claimed to have been made,

or to entitle the appellees to hold the land as against the title of appellants, authenticated, as it is, by a written conveyance.

It is claimed that the third direct interrogatory propounded to the witness A. B. McGill is leading, and that the court erred in over-ruling appellants' objection to reading the answer of the witness thereto. That interrogatory is as follows: "Did you ever see a deed from Thomas J. Green, as agent or attorney for Charles P. Green, to said Wm. Johnson, for survey No. 70, for about nine hundred and sixty acres of land in Grayson county, patented to Charles P. Green, assignee of John Brown? If yea, when and how often did you see said deed, who it was signed by, and how do you know? How was it signed? Give as near as you can its date; what was the consideration of said deed? Where is said deed now, and how do you know?"

We are of the opinion that the interrogatory is subject to the objection that it is leading and suggests the desired answer. The objection, however, was not taken until the evidence was offered upon the trial, and no notice had been given of such objection previous to the trial. If the objection goes to the manner and form of taking the deposition, then it would follow that the objection was not properly made, and the court did not err in overruling the same.

In the case of Purnell v. Gandy, 46 Tex., 198, it was held that such an objection did not go to the manner and form of taking, and could be made when the deposition was offered and without previous notice. No authorities are cited or reasons given in support of that conclusion.

It was in effect held in Scott v. Delk, 14 Tex., 341, that an objection to the deposition on the ground that the cross-interrogatories have not been fully answered, goes to the form and manner of taking, and ought to be made in writing and notice given to the opposite party before the trial.

In Lee et al. v. Stowe et al., 57 Tex., 451, the same doctrine was asserted. In that case Justice Stayton gave it as his opinion that an objection to a deposition on the ground that the interrogatory is leading goes to the manner and form of taking, and notice thereof should be given as required by statute, otherwise the objection should be considered as waived. And in support of this view cases are cited from the supreme courts of Ohio, Alabama, Massachusetts and Pennsylvania.

It does seem to us that these decisions are founded on sound reason. Such an objection does not go to the competency of the witness, nor the substance or relevancy of the evidence, but to the

manner and form in which the evidence is obtained or brought before the court. Now if it should be held otherwise, it would frequently result in great injustice to litigants by depriving them, upon the trial, of material evidence upon which they relied in the announcement of readiness for trial, and of the objections to which they would have no notice until, ordinarily, it would be too late to cure the error and otherwise supply the evidence.

The failure or refusal of the witness to answer cross-interrogatories, in our opinion, more nearly approaches the substance of the evidence than does the propounding of a leading interrogatory, and it is held that such objections go to the manner and form of taking, and must be made in writing; and notice to the opposite party before the commencement of trial. Hence the conclusion reached is that the objection to the deposition on the ground that the interrogatory is leading, not having been made previous to the commencement of the trial, with notice to appellants, must be considered as waived.

Appellee Herndon claims title to the land by and through an administration upon the estate of C. P. Green, opened in Brazoria county in December, 1848, wherein Peter McGreal was appointed administrator upon the application of Thomas J. Green. The application or petition for administration is not disclosed by the record except so far as it is recited in the order of the court appointing the administrator, which is as follows:

"This day came on to be heard the petition of Thomas J. Green, representing that his brother, Charles P. Green (who formerly resided in this county and belonged to the firm of C. P. Green & Co., of which he is the surviving partner), died some time in the fall of 1843, leaving some property in Texas in which the said deceased and this petitioner were jointly interested, and praying that letters of administration on the said estate of C. P. Green may be granted to Peter McGreal, Esq.," etc.

The statute then in force provided that wills should be admitted to probate and administrations opened in the county where the deceased resided, if he had a domicile in the state, but if he had no fixed domicile in the state, but died therein, then either in the county where his principal property was situated or in the county where he died. And if he had no domicile or residence here, and died without the limits of the state, then in any county in this state where his nearest kin may reside, and if he had no kindred in the state, then in the county where his principal estate may be situated.

It is claimed by appellants that no fact existed that could confer jurisdiction upon the probate court of Brazoria county over the

estate of C. P. Green. That the administration is void and no title can be asserted through the same.

In Alexander *v.* Maverick, 18 Tex., 194, it is held that probate courts, under the constitution of 1845, had general jurisdiction over estates of deceased persons, and that their judgments relative to the subject matter stand upon the same footing as the judgment of any other court of general jurisdiction.

In respect to proceedings in probate courts it is held in Murchison *v.* White, 54. Tex., 82, etc., that they are not subject to collateral attack on the ground that the court had no jurisdiction, unless it be affirmatively shown by the record that its jurisdiction did not attach in the particular case. And it is there said, "This question, in such a proceeding, must be tried by the recitals in the record itself and the presumptions arising therefrom."

Owing to the defect in the record as heretofore suggested, it is sufficient for the purposes of this appeal to say, that if upon another trial it does affirmatively appear from the record that the jurisdiction of the probate court did not attach in this particular, then the proceeding must be considered as void, and subject to collateral attack in this case.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted November 20, 1883.]