Opinion by
Watts, J.
§ 803. Depositions; an objection that an interrogatory is leading is an objection to manner and form of taking, etc. Appellants brought this suit in justice’s court *707 against appellee, on an account for merchandise sold, etc., and recovered judgment for $3.71.80, the amount sued for. Appellee appealed to the county court, where the case was tried by the judge without a jury. Appellants’ evidence consisted mainly of the testimony of Brunswig, taken by deposition. This testimony was rejected, upon objection made thereto by appellee,-because the interrogatories to Brunswig were leading. After its rejection, the court rendered judgment for appellee, because the evidence to prove appellants’ cause of action was insufficient. Held: The objection tó the depositions of Brunswig, that the interrogatories were leading, was an objection to the manner and form of taking the depositions, and could only be made in the manner prescribed by the statute. [R. S. art. 2235; Mills v. Herndon, 60 Tex. 353.]
§ 804. Pleadings in justice's court; liability for goods ordered; measure of recovery in such case. The case made by the evidence is that appellee, a saloon-keeper in Fort Worth, had appellants, druggists in the same city, to order for him from New York, a lot of plate glass of specified dimensions, with appellee’s monogram engraved thereon. When the glass arrived, appellants demanded payment therefor of appellee, the sum demanded being $171.81, which appellants claimed was the reasonable market value of the goods in Fort Worth. Appellee refused payment, and refused to accept the glass. The glass is worthless to any one except appellee, because of its dimensions and his monogram, and cannot be sold. Its market value in Fort Worth, if it had not been made especially for appellee, would have been the amount sued for, and this market value appellants sought to recover. Upon this state of facts, the trial court was of opinion that this action could not be maintained. Held: Pleadings in justices’ courts are not required to be in writing, except certain special pleadings provided by statute, and great liberality is indulged with respect to the proceedings in said courts, the real object of the law being *708 to attain substantial justice. Hence, although technically considered, this would be considered an action on account for goods sold, etc., nevertheless, it being made to appear by the evidence that appellants have a 'substantial right of action, they are entitled to relief appropriate to the case, as made by the evidence. Ordinarily, in a case like this, the plaintiff would be entitled to recover the cost and carriage of the goods, together with a reasonable compensation for his trouble in ordering and receiving the same. If, however, the general custom among traders, at the place where the order is made, be that the trader engaged to make the order is entitled to the market value of the goods at said place, this would be the measure of recovery.
May 4, 1885.
Reversed and remanded.