Laurana Parker v. S. A. Chancellor et al.

No. 3041.

1. **Admissions — Depositions of Party to Suit.** — Depositions of the plaintiff excluded for irregularity in the manner of return, having been proved to have been signed by the plaintiff, were admissible as declarations or admissions when offered in evidence by defendants.

2.   **Practice—Depositions.**—That one answer of a witness testifying by deposition was excluded is no reason for the exclusion of another answer covering the same subject and not obnoxious to other legal objections.

3.   **Testimony, Collateral and Introductory.**—It is the practice to admit parol evidence of purely introductory matters for the sake of convenience, although written evidence may be in existence.   See example.

4.   **Objections to Manner and Form of Taking Depositions.**—That an answer did not fully respond to the interrogatory goes to the manner of taking, etc., depositions. The objection should be made in writing and notice thereof given before the commencement of the trial.

5.   **Failure of Judge to Sign the Charge.**—The failure of the district judge to sign his charge, which was filed by the clerk and read to the jury and fully identified, is not material and is no ground for reversal.

6.   **Identity of Person having had Two Names.**—Plaintiff being a widow sued for land alleged to have been deeded her in her maiden name; the defendants having pleaded not guilty and there being evidence tending to prove that Laurana Odum, the person named in the deed, and Laurana Parker, the plaintiff, were different persons, it was proper that the issue be submitted in the charge to the jury.

7.   **Charge.**—Where the testimony tends to establish a defense it is the duty of the court to submit such defense to the jury.   See example.

8.   **Charge—Refusal Approved.**—The defense relying upon a sale by the plaintiff after her husband's death, it was proper to refuse a charge upon the subject of ratification, there being testimony tending to show that the husband made an effort to sell during coverture.

9.   **Practice—Immaterial Error.**—Where part of the defendants pleaded limitation to the several tracts claimed by them and the verdict is general and evidently upon the issue attacking the title of plaintiffs, errors in the charge upon the subject of limitation would be immaterial.

APPEAL from Tarrant.   Tried below before Hon. R. E. Beckham. The opinion states the case.

*J. G. Scott*, for appellant.—1.   The court erred in admitting the deposition of plaintiff, taken at the instance of defendants, and filed in court September 8, 1886, in answer to direct interrogatories under title 38, chapter 3, Revised Statutes, for that before any announcement was made for trial plaintiff's counsel presented a motion to suppress and strike out the answers of plaintiff, because the deposition had not been returned in accordance with law.   The package showed that it had been carried by some private party, but was not sworn to by the messenger as required by law in such cases.   This motion was sustained, and the trial begun. On the following day, after plaintiff had closed her testimony, the defendants put Dr. J. R. Wallace on the stand, and over the objections of plaintiff's counsel proved by him the manner of his returning the said deposition, after which the court permitted the deposition to be read to the jury, to which plaintiff excepted and reserved a bill of exceptions and presents the ruling as error.

2.   The defendants assumed to prove that plaintiff was estopped by a former transfer of the land certificate, or a ratification of a sale of it made

by her husband; they then assume the burden of proving that fact, and it should be established like any other fact at issue, by the best evidence of which the case in its nature is susceptible. Shifflet v. Morelle, 68 Texas, 387.

3. A written charge should be given in strict conformity with the statutes, and the official signature of the judge is a necessary part of it. Rev. Stats., art. 1317; Barnes v. Jamison, 24 Texas, 364.

*O. S. Kennedy, Ross, Chapman & Ross* and *Bowlin & Bowlin*, for appellees.— 1. The depositions of Laurana Parker were admissions under oath, and as such were admissible in evidence. Greenl. Ev., sec. 171.

2. If there was error in the failure of the court to sign the charge at the time it was given, it did not operate to the prejudice of plaintiff. Railway v. Dunlavy, 56 Texas, 256.

3. Whether or not Laurana Odum. to whom, with others, the certificate in question was transferred, was the same person as Laurana Parker was an issue in the case.

4. The question of estoppel is nowhere raised in the record except by counsel's special charge which was refused by the court.

GAINES, ASSOCIATE JUSTICE.— This is the same case which was decided by this court at the Austin Term, 1889, and which was then reversed and remanded. Before the trial which resulted in the judgment from which this appeal is taken, several of the defendants were conceded to have title by limitation and demanded severances and obtained judgments for the tracts of land respectively claimed by them. This branch of the case was tried against defendants Wilson, Strohl, Ellington, Duana Welborn and her husband, and E. M. Chancellor and her husband, and resulted in a judgment in their favor upon a general verdict.

Before the trial was entered upon, the court, upon motion of plaintiff's attorney, suppressed her deposition taken at the instance of the defendants, upon the ground that there was no affidavit endorsed thereon showing how it came into the hands of the clerk. During the progress of the trial the court permitted the deposition to be read by defendants over the objection of plaintiff. This was not error. The note of the judge appended to the bill of exceptions shows that before the evidence was admitted it was proved by a witness who was present while the deposition was taken that he saw the plaintiff subscribe her answers. The answers were properly admitted. As admissions of the plaintiff they were proper evidence for the defendants. Edwards v. Norton, 55 Texas, 405; Lacoste v. Bexar County, 28 Texas, 420.

The plaintiff's objections to the reading in evidence of the answers of Richard Youngblood to the seventh interrogatory propounded to him by defendants were not well taken. The answers were as follows: "She did. After the man Parker had died that (whom) the heirs had paid her

part to, she came back and said Parker had wasted part of her property, and that he had no power of attorney to act for her; and she sued the heirs for her part, and Richard Odum compromised with her and paid other property for her interest in the land certificate and interest in other property."

The first ground of objection was that the answer of the witness to another interrogatory, to the effect that Parker had tried to dispose of his his wife's property without her consent, had been stricken out by the court upon motion. We fail to see how the exclusion of that answer affected the testimony now under consideration. The other ground of objection was that the records were the best evidence that a suit had been brought. Should it be conceded that the fact that a suit had been brought can not, as a general rule, be proved by parol evidence, it would not follow that the testimony as to the suit was improperly admitted. The fact was collateral and introductory. It is the practice to admit parol evidence of purely introductory matters for the sake of convenience, although written evidence may be in existence. 1 Stark. Ev., 503.

What we have just said is sufficient to dispose of the alleged error of the court in admitting in evidence the witness Youngblood's answer to the eleventh direct interrogatory.

It is also assigned that "The court erred in permitting the twenty-ninth cross-question to defendants' witness Richard Youngblood, and the answer thereto, to be read to the jury, as follows: 'Do you know of your own personal knowledge what Laurana Parker ever did with her interest in her father's estate? I mean David Odum's estate. If you do, please state your means of information, and then state what she did with it.'

"The witness answered as follows: 'Her interest in the land certificate of David Odum, her father, she traded to Richard Odum for other lands. Her other property, I don't remember what she did with it. She lived twenty miles from me when she left Texas.'

"Plaintiff objected to reading the answer, because not responsive to the question asked."

The objection was made to reading the answer during the progress of the trial. It has been decided that such an objection goes to "the manner and form" of taking the deposition and that it should be made in writing, and that notice thereof should be given before the commencement of the trial. Railway v. Ivy, 71 Texas, 409; Scott v. Delk, 14 Texas, 341; Mills v. Herndon, 60 Texas, 353.

It appears by the record that the trial judge delivered to the jury a charge in writing that had been marked "filed," but which he had neglected to sign. This is assigned as error. It has been repeatedly ruled by this court that the mere failure of the judge to reduce his charge to writing before giving it to the jury is no ground for reversal. Railway v. Dunlavy, 56 Texas, 256; Chapman v. Sneed, 17 Texas, 428; Boone v. Thompson, 17

Texas, 606; Reed v. Reed, 11 Texas, 585. *A fortiori*, a failure to sign a charge is not reversible error. No possible harm could have accrued to the plaintiff from the failure to sign the charge in the case. It was filed by the clerk at the time of the trial, and was thereby made a record in the case and its identity placed beyond doubt. The judge properly signed it *nunc pro tunc* when his attention was called to the omission by the motion for a new trial; but such action was unnecessary.

It is complained that the court erred in charging the jury as follows: "Unless you believe from the evidence that the plaintiff is the identical person named in the transfer from David Odum as Laurana Odum, you should find for the defendants."

The proposition is that "this charge is misleading and confusing, and suggests to the jury a doubt that might be in the mind of the court and not raised in all the pleadings."

The plaintiff claimed to be the daughter of David Odum, the original grantee of the certificate by virtue of which the land in controversy was patented. She claimed title to an undivided one-fourth interest in the land under a deed made by David Odum, which conveyed the unlocated balance of the certificate to Richard Odum, Laurana Odum, Martha Odum, and Mary Odum. The plaintiff sued by the name of Laurana Parker and testified that her maiden name was Odum, and that she was widow of a man named Parker. To enable her to recover it was necessary for her to prove that she was the person named in the deed as Laurana Odum. The plea of not guilty put in issue every fact essential to be proved in order to show title in herself. Besides, there was some evidence tending to show that Laurana Odum and Laurana Parker were not the same person. A witness testified to the identity of the person bearing these two names and described her as "a medium sized woman with fair complexion and blue eyes." Another testified that Mrs. Parker was a "tall, slim, spare made, dark skinned woman." Such being the state of the pleadings and evidence the charge was proper.

It is also complained that the court erred in that part of its charge which is as follows:

"If, however, you believe from the evidence that the plaintiff, after the death of her husband, sold her entire interest in said certificate to Richard Odum, or to said Odum and others, and received payment therefor, and that said certificate was delivered to S. A. Chancellor, and the land was thereafter located by said Chancellor, and that said Chancellor, or defendants claiming under him, went into possession of the land, you should find for defendants."

The charge is a clear and pointed presentation of the phase of the case made by defendants' testimony, and is not "confusing and misleading," as plaintiff claims it to be. There was evidence tending to establish every fact submitted in the instruction.

It is further assigned that the court erred in refusing to give the following special charge asked by the plaintiff:

"You are charged that in order to bind the plaintiff by estoppel, or by her ratifying any sale of her interest in the land certificate made by her husband, Amos Parker, in order to bind her by such ratification she must have acted under a full knowledge of what Amos Parker had done. If she did possess such knowledge and then ratified such sale, such ratification will date back to the date of sale, provided she was a widow or *feme sole* at the date of such ratification. If she did not possess such knowledge, or if she was a married woman at the time, she would not be bound thereby, and the burden of proof rests upon the defendants to establish their defense."

The instruction was not applicable to the evidence and was properly refused. There was no attempt made to prove a ratification by Mrs. Parker of a sale of the certificate made by her husband in his lifetime. The defendants introduced testimony to the effect that after her husband's death Mrs. Parker went to Richard Odum and claimed that a sale made to him by Parker was invalid, and that thereupon Richard bought her interest in the certificate and paid her for it. The defendants sought to prove a sale by her, and not one made by her husband and ratified by her. The fact, if it were a fact, that Parker first made a sale of her interest in the certificate did not any the less make her sale an original transaction, if she made one.

Appellant's thirteenth and fourteenth assignments we think too general to admit of consideration.

There are other assignments, but they relate to the issues made by defendants' pleas of limitations. The court in its general charge did not submit the issue of limitations as to either of defendants, but at the request of defendants Ellington and Strohl did charge specially upon limitations as to the tracts of land respectively claimed by them. The verdict is for all of the defendants. This verdict is clearly responsive to the instructions in the general charge, in which the jury were told in effect that if they believed that the plaintiff had sold her interest in the certificate to Richard Odum they should find for all the defendants. Some of the defendants did not attempt to prove title by limitation. From this statement it is apparent that the jury found in favor of the defendants upon the issues common to all of them, and not upon the pleas of limitation. An error, therefore, in the instructions which relate alone to the latter defense did not affect the verdict and is no ground for a reversal of the judgment.

We have not noticed appellant's eleventh assignment of error because it is admitted that unless the judgment be reversed the question there presented need not be passed upon.

There was a sharp conflict in the testimony upon the main issue in the

·case, and the jury having found in favor of defendants, the verdict can not be disturbed except for prejudicial error committed during the trial.

We find no such error, and the judgment is therefore affirmed.

*Affirmed.*

Delivered November 18, 1890.