The Gulf, Colorado & Santa Fe Railway Company v.
J. B. Shearer et al.

No. 409.

**1. Evidence — Opinion of Witness.**— The opinion or conclusion of a witness as to the legal effect of a written contract given in evidence, is not admissible. See example.

**2. Practice — Deposition — Answer not Responsive.**— That the answer of a witness by deposition is not responsive to the question, is an objection that can be taken only by motion to suppress and notice under the statute.

**3. Practice—Cumulative Evidence.**—The erroneous exclusion of evidence which is merely cumulative is not ground for reversal.

**4. Railway Company's Liability for Defective Track and Cars.** See opinion for charge of court held to correctly define the respective liabilities of a railway company and a construction company employed to build its road, for damages to an employe resulting from defective track and cars.

**5. Charge of Court—Special Instructions.**—Where the charge covers the issues of the case, and its defect, if any, is an omission to particularize more fully, special instructions should be requested at the trial, in order that objection on this account may avail on appeal.

**6. Same—Requested Instruction.**—It is proper for the court to refuse requested instructions which cull from the body of conflicting evidence special features that may be favorable to the one litigant or the other, and the weight of which would be emphasized by such instructions.

**7. Contributory Negligence — Concurrent Causes of Injury.**— When there are concurrent causes of an injury, each of which contributes thereto, the fact that one of the causes might have been avoided by the plaintiff, or that with reference to it he might have been guilty of contributory negligence, will not exempt the company as to the other cause.

**8. Same — Defective Roadbed.** — Where a railway employe is injured, and his injury results in part from the unballasted condition of the track, his knowledge of such condition does not render him guilty of contributory negligence.

**9. Railway Company—Liability to Employe not Affected, when.** Where a brakeman is in the employ of a railway company, its liability to him is not affected by a contract, to which he is not a party, between such company and a firm employed by the railway company to construct its road.

**10. New Trial — Surprise.**— Defendant's surprise at the testimony of plaintiff's witnesses is not ground for granting a new trial, when such testimony is adduced to issues clearly indicated by plaintiff's pleading, the purpose of which was to enable defendant to be prepared with testimony to disprove its allegations.

Appeal from Tarrant.    Tried below before Hon. R. E. Beckham.

*Shepard & Miller*, for appellant.—1. The court erred in refusing to permit defendant to read to the jury the depositions of F. W. Steber in answer to the twelfth interrogatory propounded to him.    Topliff v. Topliff, 122 U. S., 121, 131; Chicago v. Sheldon, 9 Wall., 50, 54; Jones on Trade Con., secs. 81, 95.

2. The court erred in refusing to permit defendant to read in evidence the answer of F. W. Steber to the seventh cross-interrogatory propounded to him by plaintiff. Vance v. Upson, 66 Texas, 476, 492; Foster v. Spear, 22 Texas, 226; Rosenthal v. Middlebrook, 63 Texas, 333.

3. It was the duty of the court to charge the jury specially as to the legal effect of the contract between the railway company and Ricker, Lee & Co., and to state to them the legal effect of the evidence as to the engineer and fireman being carried on the pay roll of the company. Burton v. Railway, 61 Texas, 531; Wootters v. Kauffman, 67 Texas, 488; Railway v. Underwood, 64 Texas, 463; Cook v. Dennis, 61 Texas, 246.

4. The fact that the engineer and fireman were carried on the pay roll of the railway company did not constitute them its employes. Hitte v. Railway, 29 Am. and Eng. Ry. Cases, 586, 589; Burton v. Railway, 61 Texas, 526.

5. As to liability of the company under the contract generally. Cunningham v. Railway, 51 Texas, 503; 2 Wood's Ry. Law, 1008; Patt. Ry. Acc. Law, 125; Haxerman v. Webb, 23 Cent. Law Jour., 249; Bennett v. Truebody, 66 Cal., 509.

6. The court erred in refusing to give the eighth special instruction requested by the railway company. [See opinion.] Beach on Con. Neg., 36, 37; Shearm. & Redf. on Neg., sec. 33.

7. The court should have given the sixth requested instruction. [See opinion.] Bank v. Ward, 100 U. S., 195; Necker v. Harvey, 49 Mich., 517; Losee v. Clute, 51 N. Y., 494; Loop v. Litchfield, 42 N. Y., 351; Mayor v. Cunliff, 2 N. Y., 165, 174; Davidson v. Nichols, 93 Mass., 514; 1 Thomp. on Neg., p. 237, sec. 3.

8. As to liability of railway to its employes and others for defective cars of other railways hauled on its lines. Railway v. Carlton, 60 Texas, 397; Gottlieb v. Railway, 100 N. Y., 462; Railway v. Avery, 109 Ill., 314.

9. The evidence did not warrant the verdict. Tynburg v. Cohen, 67 Texas, 225; Cool. on Torts, 145.

*F. Charles Hume*, for appellees Ricker, Lee & Co.—1. The District Court of Tarrant County had no jurisdiction over Ricker, Lee & Co. in the face of their plea of privilege in abatement and their special exceptions to the jurisdiction, and they were not necessary and proper parties to said suit. Rev. Stats., art. 1198; Holloway v. Blum, 60 Texas, 625; 1 Wood's Ry. Law, sec. 14.

2. There was abundant evidence that Ricker, Lee & Co. were not independent contractors, and that their relations to the plaintiff and the railway company, respectively, were not such as to authorize an action against them by the former or a cross-action against them by the latter; and the jury having so found, and the court below so adjudged, this

court should not disturb the result.     Burton v. Railway, 61 Texas, 526;
Shearm. & Redf. on Neg., sec. 74.

*Ball & McCart,* for appellee J. B. Shearer.—1. The portion of the
answer of the witness F. W. Steber excluded by the court was inadmissible,
and the court's ruling was correct.     Purnell v. Gandy, 46 Texas, 191.

2. The court correctly excluded the answer of said witness to the cross-
interrogatory, because it was not responsive and stated the understanding
and not the knowledge of the witness.     Johns v. Northcutt, 49 Texas, 445.

3. Appellant's third assignment [see opinion] is not well taken, because
no fuller statement on the matters therein mentioned was requested of
the trial court.     Railway v. Helm, 64 Texas, 147; Railway v. Scott, 64
Texas, 550.

4. No special charge was requested asking the court's interpretation
of the written contract in question.     Endick v. Endick, 61 Texas, 559;
Insurance Co. v. Ende, 65 Texas, 118.

5. Ricker, Lee & Co. were not by said contract made independent con-
tractors, but were, on the contrary, agents and servants of the defendant
company.     Burton v. Railway, 61 Texas, 526; St. Paul v. Seitz, 3 Minn.,
297; Cincinnati v. Stone, 5 Ohio St., 38; Pack v. Mayor, 8 N. Y., 222;
Painter v. Pittsburg, 46 Pa. St., 213; Conlon v. Railway, 15 Am. and
Eng. Ry. Cases, 99; Stone v. Codman, 15 Pick., 297.

6. The third special charge requested by appellant [see opinion] was
correctly refused, because it was upon the weight of the evidence, and
made the mere payment of wages alone the determining fact as to whether
appellant employed plaintiff or not, and as to whether appellant was
guilty of negligence.     Heldt v. Webster, 60 Texas, 207; Wood on Mast.
and Serv., sec. 317.

7. The eighth special charge requested by appellant did not embody
the law applicable to the facts therein stated, for if the injury was the
result of the combined causes, as stated in said special charge, appellant
would have been liable, if the other facts should concur.     Railway v.
Cummings, 106 U. S., 700; Cool. on Torts, 560.

8. Said special charge was erroneous and should not have been given,
because it, in effect, held that plaintiff was guilty of contributory negli-
gence by reason of the simple fact that the plaintiff was familiar with the
condition of the unsurfaced track, which is not the law.     Snow v. Rail-
way, 8 Allen, 411; Wood on Mast. and Serv., secs. 357–359; Reed v.
Northfield, 13 Pick., 98; Patterson v. Railway, 76 Pa. St., 389; Fletcher
v. Railway, 1 Allen, 9; Greenleaf v. Railway, 29 Iowa, 14.

9. The court did not err in refusing the sixth special charge requested
by appellant. [See opinion.]     Railway v. Dorsey, 66 Texas, 148; Railway
v. Nixon, 52 Texas, 19.

10. Appellant could fairly have anticipated the testimony of said witnesses Shearer and Owens, because they were parties to the suit, and their pleadings clearly indicated that such testimony would be given; and appellant should have made its surprise thereat known at the trial, and asked for time to meet the testimony; failing to do which, it was not entitled to a new trial. Dotson v. Moss, 58 Texas, 156; 3 Gra. & Wat. on New Trials, 962, 964; Smith v. Morrison, 3 A. K. Marsh., 81; Kilgore v. Jordan, 17 Texas, 346; 1 Gra. & Wat. on New Trials, 190; Willard v. Wetherbee, 4 N. H., 118.

TARLTON, Chief Justice.—September 7, 1886, appellee J. B. Shearer filed this suit in the District Court of Tarrant County against the Gulf, Colorado & Santa Fe Railway Company. Afterward, on December 6, 1886, Ricker, Lee & Co., a firm of contractors composed of N. H. Ricker, F. L. Lee, and Joe A. Owens, were, by amended petition, made parties defendant. The suit is for the recovery of damages for the loss of an arm and other serious personal injuries charged to have been sustained by plaintiff while in the service of defendants as a brakeman. The injuries are alleged to have occurred April 7, 1886, while defendants were engaged in constructing and operating a line of railway at or near Coleman Junction, in this State, and are ascribed to the negligence of the defendants in permitting the brake beams of one of the cars to be broken, and in permitting the roadbed of defendant's track to become uneven and remain unballasted.

The defendant company filed a general denial, and pleaded specially, that the work upon which plaintiff was injured was being done by Ricker, Lee & Co. under an independent contract; that plaintiff was in the employ of Ricker, Lee & Co., and that the railway company had nothing to do with his injury. It filed a cross-bill against Ricker, Lee & Co., alleging that if plaintiff suffered from the negligence of any one, such negligence was chargeable to Ricker, Lee & Co.; and it prayed, if the same should be imputed by operation of law to the defendant company, for judgment against Ricker, Lee & Co.

The defendants, Ricker, Lee & Co., pleaded their privilege to be sued in Galveston County, where they resided. To this plea the court sustained exceptions. They also relied upon the general issue, and especially denied their liability to the railway company, alleging that at the time of the injury complained of by plaintiff, the latter was in the exclusive service of the defendant company. A trial, in November, 1887, resulted in a verdict in the sum of $7500 in favor of the plaintiff against the railway company. Ricker, Lee & Co. were discharged. From the judgment, in accordance with this verdict, the railway company prosecutes this appeal.

On the trial the railway company read in evidence a contract in writing between itself and Ricker, Lee & Co. This instrument set forth the

terms on which Ricker, Lee & Co., as contractors, agreed to perform " all the grading, bridging, tieing, track laying, and stone culvert construction on the Lampasas extension of the Gulf, Colorado & Santa Fe Railway in the State of Texas, extending from station 3873 to station 5280." It was shown that the line as far as the last named station had been completed, and that on reaching that point it was desired to extend the road to Ballinger. It was consequently agreed verbally, that the line would be extended by the contractors to Ballinger on the terms and specifications embodied in the written contract, simply substituting places, stations, and lines. The plaintiff was injured while the work was being done on the latter extension. The railway company took the deposition of one F. W. Steber. It offered to read in evidence an interrogatory, and the answer thereto, as follows:

Interrogatory: ". If you have stated before that you were an engineer upon the road, state whether or not you had any control or management over Ricker, Lee & Co. State what your duties were, and what theirs were. State whether or not you controlled or directed the work to be done, or the manner in which they should do it, and the place at which they should work, or was that left to them or to their discretion, under the contract with the company?"

Answer: "Ricker, Lee & Co. were to build, construct, and complete the road so that it would be accepted by the engineer in chief on its completion. I controlled and directed the work to be done only indirectly and as the manager of the business of my superior. The detail of the work was left to the contractors. The results of the work were what the railway company was after."

The plaintiff objected to this answer, because it undertook to interpret and construe the written contract read in evidence between Ricker, Lee & Co. and the railway company, and to state the substance thereof. Appellant complains of the action of the court in sustaining this objection. We think that the court was correct. The contract stated the relative duties of the contractors and of the engineer, and the relation of the latter to the former. The interpretation of the witness was but a statement of his opinion or conclusion as to the legal effect of the written contract. This opinion was inadmissible. Purnell v. Gandy, 46 Texas, 191.

The defendant company offered to read in evidence the following cross-interrogatory propounded by plaintiff, and the answer thereto:

Interrogatory: " Is it not a fact that the engineer or conductor in charge of said train by which plaintiff was injured was carried on the pay rolls of the Gulf, Colorado & Santa Fe Railway Company and was paid by said company?"

Answer: " I did not so understand it. He was acting both as engineer and conductor, and my understanding was that he was paid by Ricker, Lee & Co. He was entirely under their direction, and we had nothing

at all to do with him. That is, neither myself nor Lynch, nor any one else acting with the railway company, had anything to do with the engineer.''

Objections were made to this answer, because it was not responsive, and because it stated the understanding of the witness as to the legal effect of the contract. That portion of the answer in which the witness refers to his understanding was inadmissible, for reasons already pointed out. The remainder is not responsive and suggests an attempted evasion. An objection on this ground, however, can not be urged for the first time on the trial. It refers to the manner and form of taking the deposition, and advantage can be taken of it only by motion to suppress and notice under the statute. Railway v. Ivy, 71 Texas, 409; Parker v. Chancellor, 78 Texas, 524. The court, therefore, erred in excluding so much of the answer as does not refer to the understanding of the witness. This error, however, does not justify a reversal of the judgment. The witness had testified to the same effect in his direct examination, and the answer was merely cumulative of testimony elsewhere introduced by the railway company through its witness Webster Snyder, that '' the engineer, fireman, and such other employes as may have been connected with the train, were not in the employ or the hire nor under the control of the railway company.''

Appellant's third assignment of error is as follows:

'' The court erred in its general charge to the jury, because the same fails to define with particularity the several issues presented in this case as between the plaintiff and the several defendants, and as between the defendants, whereby the jury were misled in the application of the evidence.''

The following is the court's entire charge, the insertion of which we find necessary in discussing this assignment and subsequent ones:

'' 1. The jury are instructed that it is the duty of those operating a railroad towards those in their employ to exercise reasonable care in keeping the cars used by their employes in safe condition; and if they fail to use such care, and an injury thereby results to the employe while in the discharge of his employment, not caused by his own negligence, the employer would be liable for such injury.

'' 2. You are further instructed that when a person enters the service of those operating a railroad, he thereby assumes all the ordinary risks incident to the employment undertaken, and is required to exercise that degree of care which a person of ordinary prudence, acting under like circumstances, would use to avoid injury, and the care required is proportioned to the known condition of the road and cars operated.

'' 3. If you believe from the evidence that the plaintiff at the time of the alleged injuries was in the employment of the defendant the Gulf, Colorado and Santa Fe Railway Company, and that he was by the direc-

tion of the agents of the Gulf, Colorado and Santa Fe Railway Company engaged in work in which he was injured, and that the injury resulted from or was caused by the defective brake beam of a car which he was attempting to couple, and that the plaintiff was himself at the time acting in a prudent, careful manner, then you should find for the plaintiff as against the defendant the Gulf, Colorado & Santa Fe Railway Company; and if you find that he was so injured without his fault, by reason of a defective brake beam of a car, and that at the time the said cars were being operated by both defendants, then you should find for him against all the defendants; but unless you believe from the evidence that at the time of the alleged injury the plaintiff was in the employ of said Ricker, Lee & Co., he would not be entitled to recover of said Ricker, Lee & Co.

" 4. If, however, you believe from the evidence that the injury to the plaintiff resulted from a want of that care which a person of ordinary prudence would have used under like circumstances, and with the plaintiff's knowledge of the condition of said cars, or if such negligence on his part contributed to the injury, then you should find for the defendants, notwithstanding you may believe that the track and car, or either, were in an unsafe condition.

" 5. If you believe from the evidence that the plaintiff was injured by reason of a defective car, without his fault, and if you further believe that at the time of the alleged injury the said car was being operated by the defendants Ricker, Lee & Co. in construction of an extension of the road, and not by the defendant company, and that at the time of the alleged injury the plaintiff was in the employ of said Ricker, Lee & Co., then you should find for the plaintiff against said Ricker, Lee & Co., and for the defendant company.

" 6. If under the foregoing instructions you should find for the plaintiff against the defendant company, and if you further believe from the evidence that the said Ricker, Lee & Co., by contract with the defendant company, undertook to build the road from Coleman Junction to Ballinger, and if you further believe from the evidence that as between said Ricker, Lee & Co. and the defendant company it was agreed that said Ricker, Lee & Co. were to employ the brakemen necessary to operate trains or cars used in constructing the road, and that the plaintiff was injured while a train was being made up under the direction of Ricker, Lee & Co., for their own use, and that the injury resulted from a defective brake beam on one of the cars so used, and if you further believe that by the terms of such verbal contract the said Ricker, Lee & Co. were to keep the cars used by them in repair, then you should find for the Gulf, Colorado & Santa Fe Railway Company against said Ricker, Lee & Co. for the amount so awarded against the company.

" 7. If you believe from the evidence that by a verbal contract between the defendant company and said Ricker, Lee & Co. it was agreed that

the Gulf, Colorado and Santa Fe Railway Company were to furnish said Ricker, Lee & Co. with engines, cars, and train men necessary in the construction of said road, and that said railway company had and exercised the right to employ and discharge those operating the construction trains, and to change engines and cars used by said Ricker, Lee & Co., then said Ricker, Lee & Co. would not be responsible to said company for any injury resulting from a defect of said cars or machinery, in the event a verdict should be rendered against said company.

"8. If under the foregoing instructions you should find for the plaintiff against the defendants, or either of them, you will assess his damages at such an amount as you believe would fairly, reasonably, and justly compensate him for the injury sustained, considering the mental and physical suffering caused by such injury and his diminished ability to earn money resulting therefrom.

"You are the exclusive judges of the credibility of the witnesses and the weight of the testimony."

This charge, under fair construction, does not impress us as being subject to the criticism of appellant. In the first, second, and fourth paragraphs, the jury are pertinently instructed as to what constitutes negligence on the part of a railroad company, on the degree of care resting on the employe, and on the effect of contributory negligence. Granting that the plaintiff was the victim of negligence in some manner, the remaining issues arise out of the inquiry, Who was guilty of the negligence? This, in turn, begets the question, In whose employ was the plaintiff? The latter charges that he was in the employ of both defendants.

Ricker, Lee & Co. deny that he was in their service, and assert that he was in the exclusive employment of the railway company, by virtue of a verbal agreement by which the latter retained exclusive control over the cars and trainmen. Hence, paragraphs three and seven of the charge.

The railway company denied that the plaintiff was in their service, alleging that he was in the employ of Ricker, Lee & Co. Hence, paragraph five. Again, the defendant company charges, that if, as between it and the plaintiff, it was chargeable with negligence, nevertheless Ricker, Lee & Co. were responsible to it per force of the verbal agreement to keep in repair cars used by them, including the car on which plaintiff was injured. Hence, paragraph six of the charge. It thus appears that the court adapted its instructions to every issue in the case. If there was any defect, it was one of omission purely, which the plaintiff should have sought to supply by request for special instructions. Railway v. Helm, 64 Texas, 147.

These remarks are also applicable to appellant's fourth assignment of error, in which it complains of the failure of the court to interpret the contract between the defendant railway company and Ricker, Lee & Co. for the construction of the railway, and to instruct the jury as to the

legal effect of the contract upon the rights of the several parties. Having failed to ask for such interpretation by means of a special charge, no heed will be given to such complaint urged for the first time in this court. Endick v. Endick, 61 Texas, 559; Ins. Co. v. Ende, 65 Texas, 118.

Appellant, in its tenth, eleventh, and twelfth assignments of error, complains of the court's refusal to give its second, third, and fourth special instructions, as follows:

"2. If you should believe from the evidence that the engineer Russ and the fireman Lambka had been in the employ of the railway company, and were sent by them to run the train for Ricker, Lee & Co., and while carried on the pay roll of the company were paid by it, but that the same was charged to Ricker, Lee & Co. by agreement and paid by them, then you are instructed that the legal effect of the same would be to make said Russ and Lambka employes of Ricker, Lee & Co., and not of this defendant.

"3. The mere fact, if it be a fact, that the plaintiff and his coemployes, Russ and Lambka, had been regular employes of the railway company, and were sent to Coleman Junction by it to act as brakeman, engineer, and fireman, respectively, on the train controlled and operated by Ricker, Lee & Co. in the construction of the road under their contract, would not make them employes of the railway company if they were actually paid by Ricker, Lee & Co. in person or through the agency of the railway company, and the railway company would not owe the plaintiff any obligation as an employe.

"4. If you believe from the evidence that the railway company made a contract with Ricker, Lee & Co. to build the road from Coleman Junction to Ballinger, and agreed to lease them an engine and cars for the purpose of using the same in the construction of said railway, and further agreed to deliver them material at Coleman Junction, and that the railway company did deliver to them the car which ran over the plaintiff, and that the railway company sent them the engineer, fireman, and brakeman, and kept the engineer and fireman on its pay roll, and that while said engineer and fireman were coupling up a train on the spur track to carry out materials for the said Ricker, Lee & Co., and under their instructions, the said plaintiff was hurt through a defective brake beam upon a car which he was trying to couple to another, and you should further believe that said engineer and fireman who ran said train were being paid by Ricker, Lee & Co., through the agency of the railway company, for the convenience of said Ricker, Lee & Co., and were then doing their work, then you will find a verdict for the railway company, no matter what verdict you may return as to the other defendants, Ricker, Lee & Co."

These charges were properly rejected.

The second instruction is founded upon evidence in the record that Russ and Lambka, the engineer and fireman operating the train in con-

nection with which the plaintiff was injured, were carried upon the pay rolls of the railway company for the convenience of the contractors, and would be paid their regular wages by the company, the amount being repaid at the end of each month by Ricker, Lee & Co. This was not the only evidence, however, bearing upon the relation of these employes. The testimony introduced by Ricker, Lee & Co. was to the effect that the train men, including the plaintiff, the engineer, and the fireman, were selected by the company, and subject alone to be discharged by it. This testimony is ignored in the charge asked. It might, therefore, have been construed by the jury as indicating an opinion by the court that the fact in the special charge referred to should alone determine the relation of the parties mentioned. It is not proper for the court to cull from the body of conflicting evidence special features that may be favorable to the one litigant or the other, emphasizing their weight in its instructions.

The second and third special instructions are subject to a similar criticism. The former seems to make the payment of wages the sole test of responsibility; the latter the existence of the contract between appellant and Ricker, Lee & Co.; both ignoring other material evidence bearing upon the controlling question, In whose service was the plaintiff at the time? The real test for the answer to which is, To whose orders and control was the plaintiff subject, and by whom was he liable to be discharged? Wood on Mast. and Serv., sec. 317.

Appellant in its fifth assignment complains of the third paragraph of the court's charge, already set out. It is insisted that the concluding clause of the charge is misleading, to the prejudice of appellant, because it limits the right of plaintiff to recover against Ricker, Lee & Co. to his being in their employ.

The plaintiff's petition shows that his cause of action against Ricker, Lee & Co. is founded upon the fact of such employment. He charges that he was in the employment of both parties; that he was their servant, and that as his masters they were guilty of negligence towards him. Unless, therefore, he was in the employment of Ricker, Lee & Co., he was not entitled to a verdict against them. The charge conforms to the case made by the pleadings, and is correct.

Appellant assigns as error the refusal of the court to give its eighth special instruction, as follows:

"The plaintiff alleges in this case that he received his injuries from a defect in a brake beam and its connections, etc., and through defect in the track by reason of it being unsurfaced; and if the evidence should prove to you that the brake beam was out of order and that the track was not surfaced, and that the injury to plaintiff was the result of these two causes combined, and not to the defective brake beam alone, and you should also believe from the evidence that this unsurfaced condition of the track was familiar to the plaintiff, and had been known to him before

he undertook to make the coupling at the time of the injury to him, then you will find for the defendants.''

We do not think that this instruction embodies the law. When there are concurrent causes of an injury, each of which contributes thereto, the fact that one of the causes might have been avoided by the plaintiff, or that with reference to it he might have been guilty of contributory negligence, will not exempt the company as to the other cause. Railway v. Somers, 78 Texas, 439. Such we take to be a corollary from the doctrine announced in Railway v. Cummings, 106 U. S., 266. It is there held that '' if the negligence of the company contributed to—that is to say, had a share in—producing the injury, the company is liable, even though the negligence of the fellow servant is contributory also.'' Besides, the charge was to the effect that knowledge on the part of the plaintiff of the unballasted condition of the track would suffice to render him guilty of contributory negligence. This, in our opinion, is not the law. Wood Mast. and Serv., secs. 357–359. The question of contributory negligence on the part of one occupying the position of plaintiff was for the jury. Id., sec. 159.

In its sixteenth assignment of error appellant complains of the court's refusal to give its sixth special instruction, as follows:

'' If you should believe from the evidence that Ricker, Lee & Co. were controlling the cars and the train, in the coupling of which plaintiff was hurt, and you should believe from the evidence that there was a defective brake beam upon one of the cars which caused the injury to the plaintiff; and you should also believe that said cars were placed upon the side or spur track by the railway company, loaded with materials for the use of Ricker, Lee & Co., and that said car was being moved out by Ricker, Lee & Co., or was being prepared to be moved out in the train controlled by Ricker, Lee & Co., and that by contract said Ricker, Lee & Co. were to repair all cars in their use, then you are instructed that the railway company owed no duty to the plaintiff to furnish Ricker, Lee & Co. with a perfect car, and incurred no liability to him by reason of any defect in such car, and you will find a verdict for the said railway company against the plaintiff.''

The evidence relied upon by the plaintiff, as well as that introduced by Ricker, Lee & Co., was to the effect that the relation of master and servant existed between appellee and the railway company. If such was the case, the duty of the company to the appellee could not be affected by the contract between it and Ricker, Lee & Co., to which the appellee was not a party. The charge requested was wholly ignored by the evidence referred to, and was correctly refused.

Appellant insists that the court should have set aside the verdict of the jury because it was contrary to the fifth and sixth paragraphs of the

court's charge already set out. The statement of facts is quite voluminous, and we do not feel called upon to critically dissect it. Suffice it to say, that it was conflicting on the issues embodied in the paragraphs referred to. The finding of the jury on each issue involved in its verdict is supported by sufficient testimony, and we do not feel authorized to disturb it.

Appellant's eighteenth and final assignment of error complains that the court erred in overruling its amended motion for a new trial. This motion is supported by affidavits of divers persons (with one exception employes of the defendant company), setting up facts within their knowledge in conflict with the testimony of the plaintiff and of Owens, a member of the firm of Ricker, Lee & Co. The motion is founded upon the statement by appellant's counsel that they were surprised by the testimony of these witnesses. We do not think that the application shows ground for surprise. The testimony of these witnesses is addressed to issues clearly indicated by their pleading, the purpose of which was to enable the defendant to be prepared with testimony to disprove its allegations. It is not claimed that the testimony referred to in the affidavits was newly discovered, that it was unknown to appellant at the time of the trial, or that the witnesses could not have been had at the trial. No effort was made by appellant to withdraw its announcement, but it proceeded, taking its chances for a verdict on the evidence already introduced by it. There was no abuse of judicial discretion in overruling the motion. Kilgore v. Jordan, 17 Texas, 346; Dotson v. Moss, 58 Texas, 156.

The judgment is affirmed.

*Affirmed.*

Delivered November 15, 1892.

Motion for rehearing refused.