International & Great Northern Railroad Company v. Lucas & King.

Decided December 8, 1904.

**1.—Jurisdiction—Amount—Partnership.**

In a suit against several railway companies alleged to be acting in partnership in the through shipment of live stock on which recovery was sought, the court has jurisdiction, though the damages alleged to have been inflicted while in the hands of one of them and for which separate recovery was awarded against it, were less than the jurisdictional amount.

**2.—Charge—Signature.**

The failure of the trial judge to sign his name to the charge written by him and read to the jury is no ground for reversal.

Appeal from the County Court of Williamson. Tried below before Hon. Chas. A. Wilcox.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.—The amount in controversy between plaintiffs and the International & Great Northern Railroad Company was the amount for which they sued said defendant. Plaintiffs having elected to sue each defendant for a certain amount of the alleged total damage caused by all, and there being no pretense of any joint liability, they are not aided by the fact that the sum total of the alleged damage caused by the defendants severally may have been within the jurisdiction of the county court. Constitution, art. 5, sec. 16; Rev. Stat., art. 1154; Rose v. Riddle, 3 App. C. C., sec. 297.

The statute is mandatory that "the charge shall be . . . signed by the court," and where the court fails and refuses to make the charge conform to the express requirements of the statute, it is to all intents and purposes no charge at all—a mere nullity. Rev. Stat., Art. 1317; Longino v. Ward, 1 App. C. C., sec. 552.

*O. E. Roberts,* for appellee.—The failure of the judge to sign the charge is not material error and not ground for reversal where all other provisions of the statute are fully complied with, so much of the statute as relates to the signing of the charge being merel⸗ directory. Parker v. Chancellor, 78 Texas, 524.

The court did not err in overruling the general demurrer of the International & Great Northern Railroad Company to plaintiff's original petition, inasmuch as the last named company was a proper, if not a necessary, party to the suit, it being alleged that said company was acting in the capacity of a partner with the St. Louis, Iron Mountain & Southern Railway Company in carrying the cattle the damage to which was the subject matter of the suit.

KEY, Associate Justice.—Lucas and King brought this suit against three railroad companies to recover damages to a shipment of livestock over the three roads. There was a jury trial, resulting in a verdict and

judgment for the plaintiffs for separate amounts against each of the defendants, and two of the latter have appealed.

It is contended that the County Court was without jurisdiction as to the claim asserted against the International & Great Northern Railroad Company, because the amount of injury alleged to have been caused by that road was stated in the plaintiffs' petition at $170.75, which was less than the sum required by the Constitution to confer jurisdiction on the County Court. That contention is answered by the statement that the petition alleges that the defendants were partners, and acted as such in handling the shipment referred to. If they were partners, each road was liable for all the damages recoverable against either, and the aggregate injuries pleaded brought the case within the jurisdiction of the County Court.

The charge of the court, supplemented by a special charge given at the request of the defendant, covered the entire law of the case, and correctly submitted the issues of fact to the jury.

The failure of the judge to sign his name to the charge written by him and read to the jury, constitutes no ground for reversal. (Parker v. Chancellor, 78 Texas, 524.)

The rulings complained of concerning the admission of testimony, were correct, and the objections thereto are overruled.

No reasons for reversal have been pointed out, and the judgment is affirmed.

*Affirmed.*