J. J. W. BOX ET AL V. JEFF WORD ET AL.

(Case No. 1856)

1. WILL — CONSTRUCTION — COMMUNITY — SURVIVOR — PARTITION — PRESUMPTION.—A husband died leaving a wife and five children. The will gave the wife a life estate in all the husband's property during her life or widowhood ; in case she married again the property was to be equally divided between her and the children, and at her death, whether she married again or not, all the estate was to be divided among the children. It further provided, " I desire and will that my wife remain on the place where I now reside, unless in her judgment she should think best to remove, in which case, she desiring it, my executors are authorized to sell all, or any portion, of said home tract, and that she raise and control my children in such manner as she thinks best. Be it understood that if my wife thinks proper to remain on the place where I now live, and desire to sell any portion of said home tract, I will that my executors have

full power to sell such land in such quantities as may be thought most desirable." Only one of the two executors qualified; he died soon after, and no further action was taken in the probate court. The wife sold two portions of the home tract and the heirs of the husband brought suit against the vendees. *Held:*

(1) That the wife could take only a life interest in any property owned by the husband.

(2) That property purchased during the marriage was presumed to be community.

(3) The will confided to the wife the exercise of judgment as to whether the land or a part of it should be sold, but to the executors was given the power to determine every other fact necessary to be determined before a sale could be made, as well as the power to consummate a sale.

(4) The testator must be presumed to have intended to confer upon the wife and the executors respectively the power which he expressly gave and none other. The death of the executors before the will was fully executed, could not confer upon the wife a power which the will did not give her.

(5) After the death of the executors the case was that of an estate without administration, and that did not empower the wife to sell land belonging to the estate, even to raise money for the support of herself and children, unless she did it in the manner and to the extent which the law provides.

(6) If the purchase money of the land was used for the support and education of the minor children, that could not estop them from claiming their respective shares.

(7) A partition between the children and the wife, on her second marriage, made by a court having jurisdiction of the parties and the subject matter, would bind the parties as to the subject matter disposed of, whether the partition was correctly made or not, but could in no way affect land not included in the partition.

(8) If the land in controversy was of the community estate, after the lapse of thirty years between the sales of the two tracts and the institution of this suit, much might be presumed as to the existence of facts which would have clothed the wife, as survivor, with power to make the sales. (48 Tex., 552 ; 56 Tex., 419.)

2. CHARGE—EVIDENCE.—It is error to give a charge based upon facts which there is no evidence to establish.


APPEAL from Anderson.    Tried below before the Hon. F. A. Williams.

The defendants in this suit were numerous, and, by agreement of parties, Reagan and Word, two of the defendants, severed from the others on the trial, and all of the plaintiffs except Mrs. Woodard and Mrs. McClung abandoned the suit. It was also agreed that the answer and supplemental answer of one of these defendants should be taken as the answer of both, and that the first and second supplemental petitions should be taken as the pleadings of the plaintiffs and be copied into the transcript.

The plaintiffs sued as the children, and one of them as the grand-

child of James E. and Mary Box, and also as devisees under the will of James E. Box, to recover the land called in the will the home tract, excepting out of it several tracts not in litigation. The testator directed that the courts should have no control over his estate nor over his children.

These defendants claimed separate portions of the tract from the other defendants, as purchasers under conveyances from Mary Box, after the death of her husband James E. Box. The defendants, Reagan and Word were joint owners of the land in controversy on this trial, consisting in two tracts, one tract for twenty-five acres and the other for forty acres, being portions of the home tract, and claimed by these defendants as purchasers under conveyances from Mary Box.

Box's estate was partitioned by a decree of the district court between his widow, who had intermarried with R. H. Davis, and the plaintiffs in this suit. In this partition was included a tract of two hundred acres of land purchased by the widow, then Mrs. Davis, with proceeds arising from sales of the home tract. The tract of two hundred acres was occupied by the plaintiffs as a homestead, until their marriage, or until the partition of the estate, when it was set apart to one of them. The testator, Box, by his will authorized his executors to sell the home tract if his wife desired it.

The executors having died without making a sale, the main question on the trial was whether the sale of the home tract by the wife was valid under the will of her husband. The jury returned a verdict for the defendants, Reagan and Word, and the court rendered judgment for them for the land they claimed.

Item fifth of the will was as follows: "I will, devise and bequeath unto my beloved wife, Mary Box, during her natural life or widowhood, all the remainder of property, whether real 'or personal, I may own, after paying my debts, together with all the debts due or owing to me for the support, maintenance and education of my children, and should she marry, the same is to be equally divided between her and my children, and at her death, whether she marry previous or not, I will that all my property be divided equally among my children."

The appellants' third assignment of error was: The court erred in charging the jury as follows: "And on her marriage with R. H. Davis such interest was determined, and she and the children of Box became equally entitled to the land, that is to say, each became legally the owner of one-sixth undivided part in such interest as belonged to Box."

VOL. LXV—11

---

---

*John J. Word* and *Marsh Glenn,* for appellants, on the estate of the wife, cited: Tendict *v.* Evertts, 38 Tex., 275; Dial *v.* Dial, 21 Tex., 529; Bell county *v.* Alexander, 22 Tex., 350; Red. on Wills, 443, sub. div. 2, 3, 4, p. 429, 442; rule 12, 13, p. 438; Weir *v.* Smith, 62 Tex., 2.

On the effect of the death of the administrators, they cited: Hartley's Dig., arts. 1099, 1100, 1118, 1127, 1269, 1274; Brown *v.* Christy, 27 Tex., 73; Peters *v.* Caton, 6 Tex., 554; Tippett *v.* Maze, 30 Tex., 361; Longley *v.* Harris, 25 Tex., 569; 20 Tex., 183; Hartley's Dig.; 1 Story Eq. Jur., secs. 94, 95, 96, 97, 170, 175, 176, 177; Ib., vol. 2, sec. 1061.

*R. A. Reeves,* for appellees, on the right of the wife to sell, cited: Pas. Ann. Dig. arts. 1324, 1373; R. S., 1817; Orr *v.* O'Brien, 55 Tex., 158; Danish et al. *v.* Disbrow et al., 51 Tex., 235; Johnson et al. *v.* Bowden et al., 43 Tex., 673; Peter *v.* Beyerly, 10 Peters, 562, 563; 2 Story Eq. Jur., secs. 976, 1058, 1059, 1060, 1061; 1 Sugden on Powers, 3 ed., p. 150; 1 Perry on Trusts, 2 ed., secs. 385-386, ch. 13.

*A. T. Watts* and *T. B. Greenwood,* for appellees: Cooper v. Horner, 62 Tex., 357; Weir et al. *v.* Smith, 62 Tex., 1; Howze *v.* Howze, 19 Tex., 554; Paschal *v.* Acklin, 27 Tex., 193; Orr *v.* O'Brien, 55 Tex., 154; Wimberly *v.* Bailey, 58 Tex., 225; Burleigh *v.* Clough, 52 N. H., 267; Dunning *v.* Vandusen, 47 N. H., 423; Denson *v.* Mitchell, 26 Ala., 361; Henderson *v.* Vault, 10 Yerg., 30; Brant *v.* Virginia C. & I. Co., 93 U. S., 327; Funk *v.* Eggleston, 92 Ill., 515; 2 Washburn on Real Estate Prop., 670; Philleo *v.* Holliday, 24 Tex., 41; Jackson *v.* Janson, 6 John, 73; Franklin *v.* Osgood, 14 John, 527; Zeback *v.* Smith, 3 Binn., 69; Lessee of Moody *v.* Van Dyke, 4 Binn., 31; Attorney-General *v.* Clegg, 1 A. J. K., 356; 1 Bacon Abr., 586; Freeman on Co-Ten. and Part., secs. 530, 531, 532.

STAYTON, ASSOCIATE JUSTICE.—The charge of the court in reference to the interest which the appellants would be entitled to, if entitled to recover at all, was erroneous, for under the will of James E. Box his wife took only a life estate in whatsoever interest in the land he may have owned.

This, however, would be a matter of no importance, if, under the facts, the appellants were not entitled to recover at all, which would be true, if Mary Box, through the will of her husband, or otherwise, had the power to make the two conveyances to R. A. Reeves. Whether this was so depends on the true construction of the will of James E.

Box in the light of the facts shown by the record. It appears that James E. Box died testate in 1851, leaving his wife, Mary, and five children.

The land in controversy was acquired during the time James and Mary Box were husband and wife, and the court very correctly charged the jury that the burden of proving that the land was paid for with the separate property of James E. Box, rested upon the appellants who claim the land as a part of his separate estate.

James E. Box made the following provisions in his will which have direct reference to the tract of land of which that in controversy is a part: "I desire and will that my said wife, Mary Box, remain and live on the place where I now reside, unless in her judgment she should think best to remove, in which case, she desiring it, my executors are hereby authorized and empowered to sell all, or any portion, of said home tract or parcel of land, and that she raise, control and educate my said children in such way and manner as she thinks best." "Be it understood that should my wife, Mary Box, think proper to remain on the place where I now live, and desire to sell any portion of said tract or parcel of land, I will that my executors shall have full power to sell such parcel or parcels of land in such quantity or quantities as may be thought most desirable."

The will further provided that the two executors named (Mary Box not being one) should have "full power each to appoint his successor in case of death or removal of either one or both of them, merely giving them the general supervision of all my estate." The will provided that no action should be taken in the probate court other than the probate and registry of the will. The will was probated soon after the death of the testator, but only one of the executors qualified, and he died soon afterwards, and no further action seems to have been taken in the probate court in reference to the estate. In the years 1854 and 1855 Mary Box sold the two small tracts of land in controversy to R. A. Reeves, under whom the appellees claim. There was no evidence that any part of the money paid to Mary Box by Reeves for the land in controversy was ever invested in other lands, but the inferences to be drawn from the evidence are very strong that the money so received was used for the support of the widow and children of James E. Box. Under this state of facts the court below gave the following charge:

"In the construction of the will of Box, in evidence before you, I instruct you that if, at the time the deeds were made by Mrs. Box, the executors were dead, that she desired in her judgment to remove from the home place mentioned in said will with her children and sell

such place for the purpose of raising money to purchase another homestead, and raise, maintain and educate the children of Box and herself, and for these purposes she made the deeds to Reeves, and the land therein conveyed is part of such home place, and that she received the purchase money and did apply it to the purchase of another homestead, and to the rearing, support and education of her children, and that such children, or some of them, have taken and held the land so purchased under the partition in evidence before you, then the purposes of the will would have been met and the plaintiff in this suit could not recover."

This is assigned as error.

This instruction was evidently given, as upon its face it professes to be, to guide the action of the jury in determining the power Mary Box took under the will of her husband, and the effect of her acts, such facts existing as are referred to in the charge, and was not intended to inform the jury what the effect of her conveyances to Reeves would be, if made by her, as the survivor of the community, if the land belonged to the common estate.

Two inquiries arise under this charge :

1st. What power, if any, did the will give to Mrs. Box to sell the land in controversy? That the testator intended his wife should, during her widowhood, enjoy the entire property of his estate, not necessary for the payment of his debts, for the support of herself and the support, maintenance and education of their children, is manifested by the will. That the desire of the wife that all or a part of the tract of land, of which that in controversy is a part, should be sold, was to be regarded by, and to influence the executors to sell, is also manifested by the will.

The testator evidently contemplated that exigencies might arise on which it would be his desire that the land should be sold, and to his wife he confided the power to determine whether these exigencies had arisen, but this seems the extent of the power conferred upon her.

The executors were expressly empowered, by the will, to sell, which involved the determination of the price for which it be sold, as well as all other terms upon which it should be sold, while no such power was conferred on the wife. To the wife was confided the exercise of judgment as to whether the land, or a part of it, should be sold, and to this it was the duty of the executors to have due regard; but to the executors was confided the power to determine according to their best judgments every other fact necessary to be determined before a sale could be made, as well as the power to consummate a sale.

The testator must be presumed, when he thus pointed out so specifically the part which the wife and the executors each were to take in bringing about and consummating a sale of the same thing, to have intended to confer upon each of them the power which he expressly gave, and none other. The fact that the executors died before the will was fully executed, could not confer upon the wife a power which the will did not give to her.

2d. Are there any facts extrinsic of the will, stated in the charge and found in the evidence, taken in connection with the will, which would confer upon the wife the power to sell, or that would operate as an estoppel against the appellants?

We find nothing in the charge which, if true, could confer on the wife the power to sell the land. After the death of the executors, it presents the ordinary case of an estate without administration, and it surely cannot be held that such condition of an estate empowers the wife of a deceased person to sell lands belonging to his estate, even to raise money for the support of herself and their children. If this be necessary, the law provides how, when, and to what extent, it may be done. At the time the land was sold, and for a long time afterwards, one of the appellants was a minor, as was the person through whom the other claims, and if it was proved that the money received by Mrs. Box from the sale of the land in controversy, was used by her in the support and education of her children, it is not perceived how that could estop them from claiming their respective shares.

The elements necessary to create an estoppel are wanting. It appears that Mrs. Box did purchase two hundred acres of land with a part of the money received from Jackson for a part of the same tract of land of which that in controversy is a part, which she sold to him, and that this two hundred acres of land went into a partition of land which was made between Mrs. Box and her children, after her marriage with her second husband. ·

If the facts in reference to the sale of the tract of land to Jackson, the subsequent acquisition of the two hundred acres, and its partition were such as to bar any right of the children of James Box, it would be their right to recover the land sold to Jackson, upon the ground that they had received property, the proceeds of that sale. In this case it does not become necessary to examine that question, for such transactions could certainly have no bearing on their right to recover the land in controversy. The partition between Mrs. Box and her children, whether correctly made or not, was made by a court having jurisdiction of the subject matter, and, if it had jurisdiction of the parties, binds them as to the subject matter in reference to which the

judgment was rendered; but it can only operate on the property there partitioned, and cannot in any manner affect the title to the land in controversy, nor interpose any obstacle to a recovery in this case of land in no way involved in that.

If it should appear in this case that the land in controversy was of the community estate of James Box and his wife, after the lapse of so great a period of time as transpired between the sale of the land to Reeves and the institution of this suit, nearly thirty years, much might be presumed as to the existence of facts which would have clothed Mrs. Box, as survivor, with power to make the sale. Uremendi v. Hutchins, 48 Tex., 352; Id, 56 Tex., 419. The charge, however, was not based on such powers as the wife possibly may have had over community property as survivor, but upon her rights and powers under the will, and upon such facts as were referred to in the charge, some of which the evidence contained in the record fails to show ever existed. It was error to give a charge based on facts which there was no evidence to establish, for such a charge was calculated to mislead.

The court instructed the jury, if they believed that Reeves had five years' possession of the land prior to March 25, 1862, under circumstances which would make the five year period of limitation ordinarily operate, then they were authorized to find in favor of the defendants as against Mrs. McClung. There were no facts sufficient to authorize the giving of this charge, for one of the tracts was conveyed to Reeves April 13, 1854, and the other July 10, 1855, at which time W. H. Box, the father of Mrs. McClung, was a minor who did not arrive at his majority until December 16, 1861. No possession was shown by Reeves prior to the death of James Box, therefore limitation did not run against his minor son until his majority, after which the possession of Reeves continued only for a few months.

As the case is presented, it becomes unnecessary to consider what might be the rights of the defendants should it appear that the land was community property.

For the errors noticed the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 3, 1885.]