H. L. HENSEL ET AL. v. B. M. KEGANS ET AL.

No. 6639.

1. **Presumption of Power to Execute a Deed.**—The power to execute a deed will be presumed generally in those cases where the conveyance purports to have been executed under a power, and would be evidence as an ancient instrument without proof of its execution.

2. **Same—Case Adhered to.**—In Veramendi v. Hutchins, 48 Texas, 583, it was. said in effect that the presumption might obtain, in the absence of proof to the contrary, after a sufficient lapse of time, that the facts existed authorizing the sale of community property by the surviving husband.

3. **Same—Burden of Proof.**—Vendees of the surviving husband who five years after the wife's death sold their headright certificate, after the lapse of over thirty years. from the sale of the certificate are not charged with the burden of proving affirmatively the equities which would conclude the heirs of the wife. It was reversible error in the court to hold that they were.

4. **Practice—Stale Demand.**—Plaintiffs suing for land failing to plead *stale demand* to facts alleged in the answer can not avail themselves of facts which would show laches in the assertion of an equitable title.

79　347
81　158
79　347
84　620

APPEAL from Haskell. Tried below before Hon. J. V. Cockrell.

The opinion states the case.

*A. C. Foster* and *Cockrell & Cockrell*, for appellants.— 1. After the lapse of more than thirty years the law would presume that facts existed authorizing Benj. F. Wood to dispose of personal property after the death of his wife, even though same was community property. Veramendi v. Hutchins, 48 Texas, 532; McKin v. Williams, 48 Texas, 89; Box v. Word, 65 Texas, 166; Taylor v. Watkins, 26 Texas, 698; Veramendi v. Hutchins, 56 Texas, 419; Manacha v. Field, 62 Texas, 141; Parker v. Spencer, 61 Texas, 155; Williams v. Talbot, 27 Texas, 159.

2. That the certificate in controversy was issued to Benj. F. Wood for one league and labor of land, first class, was not sufficient to charge appellants with constructive notice that it issued to Wood as the head of a family; nor is the fact of such issuance presumptive evidence that Wood was the head of a family at the time of such issuance. Wood might as a single man have purchased the right to the certificate before issuance, and could then have had certificate issued in his own name. Const. Republic, sec. 10, Gen. Prov; Harts. Dig., art. 1848: Graham v. Henry, 17 Texas, 167; Walters v. Jewett, 28 Texas, 192; Pasch. Dig., p. 37, and notes; Johnson v. Newman, 43 Texas, 629; Neal v. Bartleson, 65 Texas, 481, 482; Pasch. Dig., art. 4292; Merriweather v. Kennard, 41 Texas, 282.

That certificates for one league and one labor could issue to single men. Pasch. Dig., 4148; Lockhart v. Republic, 2 Texas, 129.

Certificate could issue to administrator, heir, widow, etc., of party originally having right to same, as well as to assignee. Fishback v. Young, 19 Texas, 518; Edwards v. Beavers, 19 Texas, 511.

Two single men might constitute family and be entitled to grant as family.   Hardiman v. Herbert, 11 Texas, 656, and cases there cited.   Or a single man and any kind of domestics.   Hatch v. Dunn, 11 Texas, 710; Styles v. Gray, 10 Texas, 503.

Until the act of 1839 (Hartley's Digest, article 1924), there was no prohibition against assignment of certificates, and the foregoing authorities show that the issuance of headright certificate raises no presumption of family or not of grantee.

3.   Appellants having shown the legal title in themselves, the burden of proof was then on appellees to prove every fact necessary to establish the superior equitable title in themselves, to-wit, that the certificate was the community property of Benjamin F. and Biba Ann Wood on the death of the latter; that appellants bought same afterward with notice of that fact, and that no facts existed which authorized their father, Benjamin F. Wood, to transfer said certificate.   McAfee v. Wheeliss, 1 Posey's U. C., 71; McAlpine v. Burnett, 23 Texas, 651; Barnes v. Jamison, 24 Texas, 362; Willis v. Gay, 48 Texas, 463; Rawles v. Perkey, 50 Texas, 315; Robertson v. Guerin, 50 Texas, 323; Hill v. Moore, 62 Texas, 610.

That the burden was not on appellants to show they paid value or were without notice.   Johnson v. Newman, 43 Texas, 642.

*De Berry & Wheeler* and *Templeton & Carter*, for appellees.—The judgment of the court below was correct.   Cox v. Bray, 28 Texas, 247; Shinn v. Hicks, 68 Texas, 277; Bullock v. Smith, 72 Texas, 545; Const. Republic, sec. 10, Gen. Prov.; 1 Sayles' Early Laws, p. 262; Hill v. Moore, 62 Texas, 610; Merrill v. Roberts, 64 Texas, 441; Edwards v. Brown, 68 Texas, 329; Daniels v. Bridges, 73 Texas, 149; Dodge v. Litter, 73 Texas, 319; Gaston v. Dashiell, 55 Texas, 508; 2 Pome. Eq., sec. 626, *et seq.*; Johnson v. Harrison, 48 Texas, 268.

HOBBY, PRESIDING JUDGE.—The recitals in the patent to the league and labor of land in litigation, granted January 2, 1858, to H. L. Hensel and Thos. Kealey, assignees of B. F. Wood, show that the headright certificate was issued by the Board of Land Commissioners of Nacogdoches County on February 1, 1838, and was transferred to said Hensel and Kealey on April 7, 1855.   This was about five years after the death of Mrs. Wood, the wife of B. F. Wood.

The appellants, who were plaintiffs below, brought this suit in November, 1887, claiming as the heirs of the assignees of the certificate, alleging ouster on January 1, 1887.   The defendants, who are appellees here, disclaimed as to one undivided half of the land, and alleged that they had been in possession of one undivided half of the same since the institution of the suit.   They claimed the land in the community right of their mother,

Mrs. Wood. There was an absence of proof as to the circumstances under which the sale or transfer of the certificate to the assignees was made.

The court found among other facts that the certificate was the personal property of B. F. Wood and the heirs of his deceased wife, Biba Ann Wood, and that being community property at the date of her death could only be disposed of by Wood in settlement of community debts. The court also found that the legal title, by reason of the transfer above mentioned, vested in Thomas Kealey and H. L. Hensel, subject to the equitable right of the heirs of Mrs. Wood.

The eighth conclusion of law found by the court was that the burden was on the plaintiffs to show that the facts existed which would have authorized the sale by B..F. Wood of the entire certificate.

Judgment was rendered in favor of plaintiffs for an undivided half of the land, and that they take nothing by their suit against the defendants as to the remaining half.

The plaintiffs appeal from this judgment.

Appellants claim that the court erred in the eighth conclusion of law, "because having shown the legal title in themselves to the land, the burden of proof was on the appellees to establish a superior equitable title; and also because, after the lapse of more than thirty years, the law would presume that the facts existed which authorized B. F. Wood to dispose of personal property."

It sufficiently appears, we think, from the record in this case that the headright certificate for the league and labor of land was issued on the 1st day of February, 1838, by the Board of Land Commissioners of Nacogdoches County to B. F. Wood, a married man; that it was the community property of his wife and himself, and was transferred by him to Hensel and Kealey five years after her death—that is to say, in April, 1855 (she having died in 1850). This suit having been brought by the plaintiffs in November, 1877 (and the answer of the defendants alleging their possession of the land to have been since the institution of the suit), a period of more than thirty-two years has elapsed since the sale or transfer of the certificate by the survivor of the community.

Although several questions are raised by the assignments of error, it appears to us that the disposition of this appeal depends upon a well established principle of the law of evidence.

The rule is familiar and has been repeatedly recognized in our State that the power to execute a deed will be presumed generally in those cases where the conveyance would be evidence as an ancient instrument without proof of its execution, and purports to have been executed under a power. Since the case of Watrous v. McGrew, 16 Texas, 506, it has been frequently referred to with approval. In Veramendi v. Hutchins, 48 Texas, 582, it was said in effect that the presumption might obtain, in the

absence of proof to the contrary, after a sufficient lapse of time, that the facts existed in that case which authorized the sale of the community property by the survivor of the community—in that case the husband.

The reason upon which the rule is founded that the power will in such cases be presumed is the difficulty of producing direct proof of such power.

This reason, we think, applies with greater force in a case like the present than in those cases where the power is presumed in support of a deed purporting to be executed by a power, because in the cases last mentioned the power may itself be a matter of record. In the former, the facts presumed to exist authorizing the sale, and which are analogous to the power presumed, exist in parol. Id. In the cases cited it was said that "after the lapse of nearly forty years it is not to be expected that direct evidence can be produced of the existence of community debts."

A similar view was expressed in the case of Box v. Word, 65 Texas, 166, where it was said, discussing this question: "If it should appear that the land in controversy was the community estate of James Box and his wife, after so great a period of time as transpired between the sale of the land etc., and the institution of the suit, nearly thirty years, much might be presumed as to the existence of facts which would have clothed Mrs. Box as survivor with power to make the sale."

There being no evidence in the present case to rebut it, this presumption might have obtained. But the court not only refused to entertain it, but held that the burden was on appellants to establish the facts which authorized Word to make the sale to Hensel and Kealey.

There is no doubt that the burden was on plaintiffs to establish a prima facie case. And this prima facie case the jury may have concluded was established when the facts disclosed such a lapse of time since the sale of the certificate as under the law of evidence authorized the presumption. But no further burden was on the plaintiffs in this respect, in the absence of proof by the defendants rebutting such prima facie case.

This presumption is not a conclusive presumption of law. It is but the effect of or construction given to certain facts in evidence, which construction may by rebutting proof be shown to be erroneous. But until this is done the presumption, like any other evidence, without regard to its character or degree, may in the estimation of the jury be sufficient to authorize a finding on this point.

If this cause had been tried before a jury and the instruction had been given that they could not presume from the lapse of time in this case that the facts existed which authorized Wood as the survivor of the community to sell the certificate to Hensel and Kealey, it would, we think, under the authorities cited have been error. Such is the effect of the conclusions found by the court in this case, which we believe to be, for the reasons given, error. There are other questions raised, but that which we have discussed we think is decisive of the appeal.

The question of stale demand is not properly before us as the case is now presented.

The plaintiffs have not pleaded the laches of the defendants in asserting claim to the land. It is true that if they were the defendants the defense of stale demand could be set .up under the plea of not guilty. But there being nothing alleged by plaintiffs in reply to the defendants' answer which would authorize the plaintiffs to rely upon defendants' laches, it can not be made available to them. Bullock v. Smith, 72 Texas, 549; Walet v. Haskins, 68 Texas, 418.

For the error indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*