## ROBERTSON v. BROTHERS.

(Court of Civil Appeals of Texas. Ft. Worth. June 3, 1911. Rehearing Denied July 1, 1911.)

**1. EVIDENCE (§ 159*) — INTRODUCTORY EVIDENCE.**

Evidence of the chief clerk of the General Land Office stating the substance of certain documents, copies of which were attached to his answers as exhibits, was merely introductory by way of explanation and identification of the exhibits, and was properly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471, 474; Dec. Dig. § 159.*]

**2. EVIDENCE (§ 372*)—ANCIENT DOCUMENTS—EXECUTION.**

A letter written by another for defendant to the State Land Commissioner protesting against the floating of a part of the land certificate which had been located on land alloted to defendant, which letter was more than 30 years old at the date of trial, was admissible, without proof of the authority of the person by whom defendant's name was actually signed.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 372.*]

**3. EVIDENCE (§ 342*)—RECORD—STATE LAND OFFICE—LETTERS—"ARCHIVE."**

Sayles' Ann. Civ. St. 1897, art. 4124, required the Land Commissioner to issue an unlocated balance certificate when the location of the original certificate is found to be in conflict with previous claims on the application and affidavit of the rightful claimant of the certificate so located. *Held,* that a letter written by a claimant of land located on the certificate, protesting against the floating of the certificate on other land so far as it affected the land located and awarded to him, but not objecting to the floating of the balance of the certificate, constituted an "archive" of the Land Commissioner's Office so that a certified copy of the same was admissible as provided by article 2308.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 342.*

For other definitions, see Words and Phrases, vol. 1, p. 491.]

**4. APPEAL AND ERROR (§ 1050*)—ADMISSION OF EVIDENCE—PREJUDICE.**

Error, if any, in the admission of certified copies of certain documents attached to a letter written in defendant's interest, was not prejudicial to him where he failed to deny the truth of any of the statements contained therein.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

**5. EJECTMENT (§ 90*)—EVIDENCE.**

Certain land having been located under a certificate from the state, a portion thereof was awarded to defendant in partition proceedings. The other heirs floated the balance of the certificate, and located it on land in another county, defendant, however, refusing to join therein, and electing to retain the land originally awarded to him. Defendant conveyed two tracts of the land so awarded to him, one deed being executed prior to the floating of the certificate and the other subsequent to that date. *Held,* that such deeds were admissible to show an election on defendant's part to claim the lands allotted to him, and to disclaim any interest in the portion of the certificate floated by the other heirs.

[Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 90.*]

**6. PUBLIC LANDS (§ 175*)—LOCATION.**

A land certificate having been located, a portion of the land was allotted to defendant, and he subsequently sold parts thereof to others. The other heirs having applied to the State Land Commissioner to float the certificate, defendant objected so far as it affected the land so awarded to him and a balance certificate was issued to the other heirs which they floated on other land. *Held,* that such facts established partition of the certificate between defendant and the other heirs, and that he was estopped to claim any part of the land located by them.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 175.*]

Appeal from District Court, Lubbock County; L. S. Kinder, Judge.

Action by J. F. Brothers against Sterling C. Robertson. Judgment for plaintiff, and defendant appeals. Affirmed.

Bean & Klett, for appellant. H. C. Ferguson, for appellee.

DUNKLIN, J.   J. F. Brothers instituted this suit to recover of Sterling C. Robertson a tract of land in Lubbock county and from a judgment in plaintiff's favor the defendant has appealed.

The land was patented to the heirs · of James R. Robertson by virtue of an unlocated balance land certificate, the original of which was issued to said James R. Robertson and was located in Robertson county. The land so located in Robertson county was partitioned among the heirs of James R. Robertson, and 808¼ acres were set apart to Sterling C. Robertson, he being an heir of James R. Robertson and entitled to an undivided one-fifth interest in the estate of the decedent. After this partition all the heirs except Sterling C. Robertson applied to the Commissioner, of the General Land Office for permission to float the certificate, on the grounds that the location of the same in Robertson county was in conflict with older surveys. Sterling C. Robertson, by letter to the Land Commissioner, represented that 808¼ acres of the land in Robertson county upon which the certificate had been located had been partitioned to him by a decree of the court as his portion of the estate of James R. Robertson, and that he desired to hold the same under the location already made. After setting out the different tracts which had been set aside to him, the letter concludes as follows: "I have no objections to any disposition the heirs or owners of said certificate may desire to make of the remainder of the certificate after deducting the above-mentioned 808¼ acres which I protest being lifted or removed from the above-mentioned tracts."

After receiving this letter the Land Commissioner respected the wishes of Sterling C. Robertson as expressed in his letter, and issued an unlocated balance certificate for the acreage which had been partitioned to the other heirs, but permitted the location of the original certificate upon the 808¼ acres allotted to Sterling C. Robertson to remain. The other heirs then caused the unlocated balance certificate to be located in Lubbock county and the land in controversy was em

braced in that location, and J. F. Brothers holds title thereto by mesne conveyance from those heirs. The 808¼ acres was held by Sterling C. Robertson, and the record shows that he sold two tracts of the same.

[1] The depositions of James H. Walker, chief clerk of the General Land Office were taken and he attached to his answers certified copies of numerous instruments shown in the records of his office. The assignments of error relate chiefly to the admission in evidence of these copies and of certain answers of the witness. In some of his answers the witness stated the substance of the documents, copies of which were attached to his answers as exhibits. Appellant objected to these statements on the ground that they were hearsay and that the instruments themselves were the best evidence. The answers were introductory and by way of explanation and identification of the exhibits, and were properly admitted. Parker v. Chancellor, 78 Tex. 527, 15 S. W. 157.

[2] The letter to the Land Commissioner protesting against the floating of that portion of the certificate which had been located on the land allotted to Sterling C. Robertson and referred to above was signed "Sterling C. Robertson, by E. Sterling C. Robertson." One of the objections made to the admission of the copy of the letter was that the authority of E. Sterling C. Robertson to sign the name of Sterling C. Robertson thereto had not been shown. As the instrument was more than 30 years old at the date of the trial, this objection was untenable. Garner v. Lasker, 71 Tex. 435, 9 S. W. 332, and authorities there cited; Hensel v. Kegans, 79 Tex. 349, 15 S. W. 275.

[3] Another objection was that the letter was not such an instrument which the law requires or permits to be filed in the General Land Office as a part of the records of that office, and, therefore, a certified copy of the letter would not be admissible in evidence. By article 4124, Sayles' Civil Statutes 1897, it is made the duty of the Land Commissioner to issue an unlocated balance certificate when the location of the original certificate was found to be in conflict with previous claims, the article requiring the commissioner to perform that service upon the application and affidavit of the rightful claimant of the certificate so located. It is thus made the duty of the commissioner to ascertain the names of the rightful claimants and their wishes in the premises, and we believe that in the scope of his duties under that article of the statute it was proper for the Land Commissioner to entertain the protest and objection by Sterling C. Robertson to the floating of the certificate in so far as the same had been located on the land claimed by him. If such was his duty, then the letter written by Sterling C. Robertson was proper-

ly an "archive" of the office of the Land Commissioner, and a certified copy of the same admissible in evidence under the provision of article 2308, Sayles' Civil Statutes.

[4] The depositions of the chief clerk of the General Land Office showed that there were attached to the letter of Sterling C. Robertson, addressed to the Land Commissioner and noted above, what purports to be a certified copy of the decree of partition by the county court of Robertson county dividing the estate of James R. Robertson among the heirs, and showing the allotment of 808¼ acres to Sterling C. Robertson as claimed in his letter, also a certified copy of a deed from the administrator of the estate to Sterling C. Robertson conveying to him a 100-acre tract additional to the land so partitioned to him and which 100-acre tract purports to have been sold by the administrator to Sterling C. Robertson to pay the expenses of administration. These copies were evidently attached to the letter in verification of the claim made by the writer thereof. Upon the trial Sterling C. Robertson did not deny that he authorized E. Sterling C. Robertson to write the letter, neither did he deny the truth of any statements contained therein, and if there was error in the admission of certified copies of the documents attached to the letter the same was harmless.

[5] Over appellant's objection the court admitted in evidence deeds from Sterling C. Robertson to two tracts of the land partitioned to him, one of which was dated prior to the floating of the certificate from Robertson county and the other subsequent to that date, and appellant complains that there was error in these rulings. We think the deeds were admissible as tending to show an election on the part of Sterling C. Robertson to claim the lands allotted to him in the partition of the estate, and to disclaim any interest in that portion of the certificate which was located on the land in controversy by the other heirs.

[6] The case was tried without the intervention of a jury, and the trial judge, after finding the facts above recited, filed as a conclusion of law that Sterling C. Robertson's election to claim the land partitioned to him and covered in part by the James R. Robertson certificate and his consent that the other heirs might withdraw and float the balance of the certificate was in effect an agreement of partition of the certificate between himself and the other heirs, and that it would be inequitable to permit him, after receiving the land which he had thus elected to take, to share also in the land located by the other heirs by virtue of the unlocated balance certificate.

We concur in that conclusion, and as we have found no error in the record, the judgment is affirmed.