W. W. (Woody) HEIDELBERG, et ux.,
Appellants,

v.

Arthur HARVEY et al., Appellees.

No. 5573.

Court of Civil Appeals of Texas.

El Paso.

Feb. 20, 1963.

Rehearing Denied April 3, 1963.

Leonard Howell, Midland, for appellants.

Deaderick & McMahon, Robert B. Cox, Odessa, for appellees.

FRASER, Justice.

This is an appeal by appellant and wife from a judgment holding and declaring that a temporary restraining order, previously issued against appellants in favor of appellees, was rightfully and properly issued and valid in all respects.

The facts are as follows: In 1951 N. L. Heidelberg, father of appellant, granted to appellees a pipeline right of way or easement over the land involved. This pipeline was for the purpose of carrying water, and the grant carried with it the provision that the grantor and his successors in ownership should have water for household use and stock watering; that appellees should have the right to use the right of way until they abandoned same; and lastly, that the consideration of $10.00 was to include any damages to growing crops by reason of appellees' operations under the easement.

Cora Maude Jackson Heidelberg died intestate November 12, 1950, and left surviving her N. L. Heidelberg and eight children. N. L. Heidelberg executed the easement in question January 23, 1951 and himself died intestate several weeks later. The appellees later filed a verified petition asserting that they had decided to abandon the water line and had contracted to sell the pipe to some parties in Louisiana, and had further contracted with another company to take up the pipe. They allege that when they attempted to remove the pipe they were prevented by Mrs. Heidelberg, one of the appellants herein. After the Heidelbergs' refusal to permit them to go on the premises to take up the pipe, they filed the above-mentioned petition alleging that they would suffer irreparable damage and loss because of not being permitted to take up the pipe immediately, and that such refusal would put them in default of their contract with both the purchasing company and the company employed by them to take up the pipe. They also alleged damage and deterioration to the pipe if left in the ground. On this basis, as well as the terms of the easement, they filed the said verified petition and were granted a temporary restraining order restraining the Heidelbergs, who were in occupancy, from preventing them or their agents from taking up the pipe. The pipe was promptly taken up and a hearing was then held, evidence and briefs being submitted on the question of whether the trial court should grant a temporary injunction and whether he had wrongfully issued the temporary restraining order. From his action finding that the temporary restraining order was not wrongfully issued, this appeal is taken.

Appellants contend that N. L. Heidelberg did not have the right to issue and grant the easement because the land involved had been acquired by Mr. and Mrs. N. L. Heidelberg during their marriage and Mrs. Heidelberg had died intestate leaving eight children and her husband surviving her; and therefore, the easement being invalid,

appellees had no right to send their agents on the property and to take up the pipe.

Appellees argue that N. L. Heidelberg had the right as community survivor, where the presumption of community debts exists, to grant this easement. Davis v. Magnolia Petroleum Co., 134 Tex. 201, 134 S.W.2d 1042 (S.Ct.); Buckner Orphans Home v. Maben, 252 S.W.2d 726 (Tex.Civ.App., no wr.hist.); 4 Southwestern Law Journal 232. Appellees also contend that they established a prima facie right to the temporary restraining order by the facts alleged in their verified petition along with the presumptions arising by operation of law. Hensel v. Kegan, 79 Tex. 347, 15 S.W. 275 (S.Ct.); 23 Tex.Jur.2d 168, ¶118. We do not feel it necessary, however, to pass on these questions, as we feel that the fact picture is decisive of the law questions involved.

 It will be noted that Mr. and Mrs. Heidelberg, the original owners and parents of the eight children, died within several months of each other. Mr. Heidelberg executed this easement after his wife's death and then died a few weeks later. Both parties died intestate. The record shows that the pipeline remained on the premises for over ten years and that children of Mr. and Mrs. Heidelberg used the water from the line for household purposes and for stock watering. It is in the record that they always knew about the line being there, although appellants here deny knowing the terms of the easement. It is clear, however, that they laid their own line to connect with this water line and had been using water at the house for over ten years. It must be further noted that a judgment of partition was entered into disposing of the property of Mr. and Mrs. Heidelberg among the surviving children. This judgment was entered September 29, 1951, which was shortly after the easement was granted and Mr. Heidelberg had died. We are therefore confronted with the fact that these children, including appellants, occupied the premises in question for over ten years and never made any objection to nor inquiry about the pipeline until the incident leading to this lawsuit came up. As to their knowledge of the easement, it must be remembered that this easement was duly recorded in Volume 135, pages 601–602 of the Deed Records of Midland County, the county wherein this land is situated; that the various children of Mr. and Mrs. N. L. Heidelberg did enter into a partition judgment to settle the estate of their parents, and it would seem probable that in addition to constructive notice, they would likely have had actual notice of the terms and conditions under which this pipe went across their property, by virtue of the recorded easement. We feel, therefore, and must hold that the long-continued use of water from this pipe, and acceptance of all the benefits of this easement contract by the descendants of the two parents who died intestate, constituted ratification on the part of said descendants. The very fact that the pipe was there, the children knew it and used the water therefrom, and the fact that the easement contract was duly and properly recorded in the proper county, all constitute estoppel preventing appellants from claiming that it is an illegal easement. Appellees also urge—and we agree—that such continued use constitutes prescriptive easement because their possession was for ten years under all the necessary elements. We believe that by their actions the appellants, along with the other descendants of Mr. and Mrs. N. L. Heidelberg, were estopped from denying the legality of this easement, and had in fact, by their long use and acceptance of benefits thereunder, ratified the easement granted by their father. Again we point out that they had secured a judgment of partition a few months after their father's death. Appellees cite the case of Old River Co. v. Barber, Tex.Civ.App., 210 S.W. 758 (error refused), as authority for their position or contention of ratification and/or estoppel. The record further illustrates that appellees made many requests for permission to take up their pipe, but in each instance Mrs. Heidelberg refused to grant such permission. Appellees then secured the restraining order.

For the reasons set forth above we believe that the trial court—endowed as he is with a wide range of discretion in matters of this sort—did not abuse his discretion in allowing appellees to take up their pipe and abandon the line in accordance with the terms of the easement granted in January, 1951 by Mr. N. L. Heidelberg.

Appellants' points are therefore overruled, the judgment of the trial court is affirmed, and appellees' motion to dismiss is overruled.