M. A. POWERS ET AL. V. JOSEPH SCHMIDT ET AL.

No. 507.

1. Settles the Case—Jurisdiction.

In an action of trespass to try title against two or more defendants, each of whom claims the land sued for, or a part of it, the decision of the Court of Civil Appeals against the right of one of the defendants and in favor of the plaintiffs, while conclusive between the plaintiffs and the losing defendant, does not *settle the case.* The case can not be settled until the rights of each of the parties in the subject matter of litigation are determined. Such action is not severable ..... ........................... ............... 386

2. Same—Same—Action Severable.

In an action in trespass to try title against two or more defendants, each of whom claims a distinct part of the tract and disclaims as to the balance, the suit becomes several, and although tried as one, the case as to each defendant is a separate case. A decision of the Court of Civil Appeals settling the case of one such defendant settles a distinct case, and may give the right of appeal to this court by an application for a writ of error by the losing party . .................................................................. 386

APPLICATION for writ of error to Court of Civil Appeals, in an appeal from District Court of Wilbarger County.

The facts are given in the opinion.

*Frank P. McGhee,* for application.

GAINES, CHIEF JUSTICE.—In the Court of Civil Appeals the judgment in this case was reversed and the cause remanded. The applicant in his petition claims that we have jurisdiction to grant the writ of error, upon the ground that the judgment of the appellate court "practically settles the case." It was an action of trespass to try title brought by Joseph Schmidt (the appellant in the Court of Civil Appeals) against W. R. Morrison and others, as heirs of W. R. Morrison, deceased, and S. P. Huff, as administrator of his estate; and also against Blanche Byers and other minor heirs of C. M. Byers, and the administratrix of his estate. The administratrix, M. A. Powers, was the widow of C. M. Byers, but before the trial had intermarried with one E. Powers, who was made a codefendant. She was sued both as a claimant in her own right and as the administratrix of her former hus-

band's estate. The defendants, the administrator of the estate of Morrison and his heirs, in their answer, claimed the entire tract of land sued for, both as against the plaintiff and as against their codefendants. Mrs. Powers, in her answer, asserted title in her own right to a tract of 190 acres off of the south end of the survey, as against all other parties to the suit. The heirs of Byers in their pleading also claimed title to the same tract.

Whether or not the title of Mrs. Powers to the 190 acres passed by a certain sale under execution was a question presented upon the appeal. In their opinion upon which the judgment reversing the judgment of the trial court and remanding the cause was based, the Court of Civil Appeals held that her title did not pass by that sale; but upon a motion for a rehearing by appellant, they delivered another opinion, retracting their former ruling upon the point, and holding that the title did pass. This practically settled her right to the land claimed by her in so far as a judgment of that court which remands a case can accomplish that end. But did it practically settle the case? We are of opinion that it did not. As has been said, the plaintiffs and the administrator and the heirs of Morrison claimed all the land in controversy, and Mrs. Powers in her own right and the heirs of Byers also claimed the 190 acres. The case can not be settled until the rights of each of the parties in the subject matter of the litigation are determined. It was not severable. If it had been a suit for the recovery of a tract of land against several parties who were joined as defendants, and if each defendant had claimed a separate part of the tract and had disclaimed as to the remainder, then the action would have practically resolved itself into several suits which might have been tried as one, or in which a severance might have been claimed and separate trials had. In such a case, when no severance has been granted, the judgment upon appeal may be affirmed as to one defendant and reversed as to the others, or reversed and rendered as to one or more, and reversed as to another or others, with an order remanding the cause. In such a case also, where the judgment is reversed and the cause remanded as to all, if the opinion of the court practically settles the case as to one of the defendants, we are of the opinion, that the party whose case is so settled would be entitled to apply to this court for a writ of error, thus leaving the case as to the other defendants to be remanded for a new trial in the court below. When each defendant has claimed a distinct parcel of the land not claimed by another, and has disclaimed as to the remainder, the action ceases to be joint and becomes several; and though the cause may be tried as one, the case of each defendant is in effect a separate case. An opinion settling the case of one defendant in a proceeding of that character settles a distinct case, and may give the right of appeal to

this court by an application for a writ of error, although the cause be remanded.

Here, however, the claims of the defendants to the land in dispute are in conflict throughout, and the controversies raised by the pleading between them and the plaintiff and among themselves are inseperable. The case could not have been severed in the court below, nor can a proceeding be allowed here which would effect a severance. The practical settlement of Mrs. Powers' right in the land does not settle the case, and therefore this court can not take jurisdiction.

The application for the writ of error is accordingly dismissed.

*Application dismissed.*

Delivered December 13, 1894.