ANNA WARREN V. CITY OF DENISON.

No. 378.—Decided May 25, 1896.

**1. Jurisdiction of Supreme Court.**

The Supreme Court has jurisdiction to determine questions of law only. (Revised Statutes, 1895, arts. 940, 941.) Though an application for writ of error concedes that the decision of the Court of Civil Appeals practically settles the case it must also appear that the question presented is one of law.

**2. Same—Question of Law or Fact.**

Where facts were undisputed but reversal was on the ground that they failed to show that defendant was negligent, the ruling, if holding that there was no evidence tending to show negligence, was upon a question of law: If it merely held the evidence not such as to warrant a finding of negligence the ruling was upon a question of fact.

**3. Same—Case in Judgment.**

Recovery against a city, by one injured through straying in the dark from a street so maintained as not to guard against such peril, was reversed because the evidence failed to show negligence on the part of the city: Such finding held to mean, not that there was no evidence of negligence, but that, in view of all the facts, the finding of negligence was so strained as to require the Court of Civil Appeals to set it aside. This did not present a question of law which the Supreme Court could review.

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

Anna Warren sued the City of Denison and the Denison Light and Power Company for personal injuries caused by her fall upon the sidewalk of Woodard Street from an abutting lot, the front of which was several feet above the walk, and upon which she had strayed by reason of the darkness and the manner in which the street had been graded. She recovered, against the city only, a judgment which was reversed by the appellate court on the grounds stated in this opinion. Plaintiff thereupon applied for writ of error, alleging that there was no substantial conflict in the facts and that no more favorable showing could

be made for plaintiff on another trial, and that the judgment of the Court of Civil Appeals, practically settled the case. She assigned the following as errors in the ruling of that court:

"The Court of Civil Appeals erred in concluding, under the undisputed facts in evidence, that the defendant was not guilty, as matter of law, of negligence in the construction and grading of its streets and in failing to erect barriers to prevent travelers from straying therefrom in the manner of the plaintiff herein which resulted in her injuries; and in so holding invaded the province of the jury."

*Harris & Knight*, for plaintiff in error.—The erection of fences or barriers or other precautions to prevent injury to travelers straying from the street may become a duty of the city by reason of the presence of precipices, excavations, or other dangerous obstructions close to the way. Elliott on Roads and Streets, 447, 448, 452, 453; 1 Thomp. on Neg., 307-313; 24 Am. and Eng. Encycl. of Law, 90, et seq., and notes.

Whether the city had exercised reasonable care under the facts in this case was a question of fact for the jury. Calhoun v. Railway, 84 Texas, 226; Railway v. Pendry, 29 S. W. Rep., 1038, 87 Texas, 553; 2 Thompson on Trials, sec. 1661, et seq.

The absence of lights could be considered, in connection with the manner of construction and grading of the streets, to show negligence. 24 Am. and Eng. Encycl. of Law, 93, note.

The inferences to be drawn from the undisputed facts being doubtful the question was one for the jury, and the ruling of the Court of Civil Appeals deprives plaintiff of her constitutional right of trial by jury and thus presents a question of law. 2 Thompson on Trials, sec. 1663, et seq.

The undisputed testimony in the case can be considered by the Supreme Court as well as the findings of the Court of Civil Appeals. McLeary v. Dawson, 87 Texas, 524.

The findings of the Court of Civil Appeals are final and conclusive on the facts when disputed, but where facts are agreed on or practically undisputed the issue is one of law. Land Co. v. McClelland, 86 Texas, 179, 187.

In argument in support of the application they contended that the case was analogous to that of an excavation on grounds adjoining the street, with reference to which it might be negligence to fail to erect barriers for the protection of those who might stray from the way, and that authorities to the effect that there was no duty to provide safe access to the street for persons approaching it from private property were not applicable.

*W. M. Peck* and *G. T. Harris*, for City of Denison, cited 2 Thomp. on Trials, 1225, sec. 1680; Beach on Cont. Neg., 566, sec. 447; Casey v. Fitchburg, 162 Mass., 321; McGinty v. Keokuk, 66 Ia., 725; Craig v. Sedalia, 63 Mo., 420; Shaefler v. Sandusky, 33 Ohio, 249.

GAINES, CHIEF JUSTICE.—The plaintiff in error brought this suit to recover of the City of Denison and the Denison Light and Power Company damages for personal injuries alleged to have been caused by the negligence of the city in the construction of certain sidewalks, and of the Light and Power Company in failing to keep the streets of the city lighted as it had contracted to do. The city pleaded over against its co-defendant, asking judgment against it in the event the city was found liable. The jury returned a verdict in plaintiff's favor against the city, but in favor of the Light and Power Company as against her. Judgment was rendered in favor of the plaintiff against the city and in favor of the Light and Power Company against both the plaintiff and the city. The city having appealed to the Court of Civil Appeals, that court reversed the judgment and remanded the cause. The court in their opinion make the following statement of the case:

"The City of Denison is a municipality duly incorporated under the general incorporation act of the State of Texas, by which it had 'full power and authority to grade, gravel, repair, pave and otherwise improve any avenue, street or alley, or any portion thereof within the limits of said city.' In pursuance of the power authorized by its charter, it had graded Woodard Street below the level of the private lots abutting thereon. Woodard Street crossed Armstrong Avenue; the two run at right angles with each other. At the intersection of these streets the surface of the streets and abutting lots was level. The grade of Woodard Street east from Armstrong Avenue gradually became lower than abutting lots, until, at the point where Mrs. Warren, appellee, was injured, the street and sidewalk was about two or three feet lower than the level of abutting lots. Mrs. Warren was a physician. The substance of her testimony as to how she was injured, taken in part from her counsel's brief, is as follows: "She was detained on professional business until after dark on the night that she was injured; that when she started home she found that it was very dark; that when she got onto Woodard Street—which was her nearest and best way home—she crossed from the south to the north side of same, just west of its intersection with Armstrong Avenue; that Woodard Street had been excavated eastward from said Armstrong Avenue to a depth of about two feet below the adjoining north side lots on said street, but that there was no excavation in said Armstrong Avenue, and that there was a gradual incline eastward, on the north side of Woodard Street and on the east side of Armstrong Avenue, leading up onto the lots on the north side of Woodard Street, from which she fell; that the incline led up onto the lot on the northeast intersection corner of said street and avenue; that there was no fence on the north side of said Woodard Street, and the fence on the east side of said avenue was removed for about twenty feet back from said northeast intersection corner, along the east side of Armstrong Avenue. It was so dark that I could not see where I was going, and I walked up this incline from said avenue, going east, thinking that I was on the sidewalk on said Woodard Street, and did not know where

I was until I walked against a bush, and stepped back, fell over the embankment caused by the excavation of Woodard Street to a depth of about two feet, and onto the sidewalk of said street, and was injured.'

"She further testified: 'I lived about four blocks northeast of the place where I was hurt. I knew that some work had been done at the point where I fell, and I had been along there a few days before I was hurt, but I did not know the condition of the place; for I had never paid any attention to it or had my attention called to its condition, and I did not go that way very often, and I had not paid any attention to the place. There was an electric light at the first street crossing north of where I was hurt, being about 300 feet away, but it was not burning. If it had been burning it would have thrown a light on Armstrong Avenue where I went upon the lot and I could have seen where I was, and would not have gone upon the lot, but would have kept in Woodard Street and then I would not have been hurt.'

"The mayor of the City of Denison testified: 'The grading on Armstrong Avenue on the east side thereof, where it intersects the north side of Woodard Street, had been graded in such a way that a person walking east along Woodard Street, on the north side thereof, could walk up onto the lot east of Armstrong Avenue and on the north side of Woodard Street without knowing that they had left the street or avenue, if it was dark.'

"There is no contention that there was any negligence on the part of the city in grading said street, further than making said street lower than the abutting lot at the point where appellee was hurt, and leaving it on a level at the intersection of the two streets.

"The street was in good repair and was not dangerous to travel. Plaintiff's injury was occasioned by her starting from the street and walking some thirty feet over a private lot before she fell and was injured."

Upon the case so stated, they announced the following conclusions:

"We are of the opinion that the evidence fails to show that there was such a dangerous place contiguous to the street as to warrant a finding that there was negligence in the construction of the street, or in failing to erect barriers to prevent travelers from walking up onto the private lot; nor does the evidence show negligence on the part of the city in not having the street lighted on this particular night; therefore, plaintiff is not entitled to recover from the city."

This court has jurisdiction to determine questions of law only. (Section 3 of amended article 5 of the Constitution.) Article 940 of the Revised Statutes of 1895 provides that, "The Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the Courts of Civil Appeals have appellate but not final jurisdiction." Article 941 also provides that, "all causes shall be carried to the Supreme Court by writs of error upon final judgment and not upon judgments reversing and remanding causes except" in certain cases. Among the exceptions are cases in which "the judgment of the Court of Civil Ap-

peals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case." (Rev. Stats. 1895, article 941.) In such a case, therefore, this court has jurisdiction, provided the question presented is a question of law. The Legislature had no power nor was it its purpose to authorize this court to review the ruling of the Court of Civil Appeals upon any question of fact. What is the nature of the point determined by the Court of Civil Appeals in this case? The question presented in the trial court was that of the negligence of the city. Whether or not there was any evidence tending to show that it was negligence was a question of law. Whether or not, admitting there was some evidence of negligence, the evidence taken all together was such as to warrant the finding of the jury, is a question of fact. It is the province of the trial judge to set aside a verdict which, in his opinion, is against the great preponderance of the evidence. In case the trial court refuses, upon a proper motion, to grant a new trial upon the ground that the verdict is against the great weight of the evidence, it is the duty of the Court of Civil Appeals, upon a presentation of the question, to review the ruling of the trial court, and it may reverse that ruling and remand for a new trial. So, when the case has been tried without a jury, the appellate court may revise the action of the trial judge in passing upon a question of fact, upon which different minds may have reached different results, and may, if satisfied that his finding is against the great preponderance of the evidence, reverse or set it aside. Such we understand to be the jurisdiction of the Court of Civil Appeals over questions of fact. In this case there seems to be no controversy as to the facts relating to the condition of the streets of the city and the circumstances which led to the accident. But it was the peculiar province of the jury to determine whether, under the facts, the city was negligent or not. In other words, the question for their determination was: Would a prudent man have used more care than was exercised by the city in order to prevent injury to persons passing along the streets? This question was to be determined by them from their own knowledge of human nature and human conduct; and their decision upon the point was the subject of review, both by the trial court and the Court of Civil Appeals. If satisfied, as a matter of fact, that the city had exercised all the care a prudent man would have exercised under the circumstances, the trial judge, upon motion, should have set aside the verdict. Failing to do so, it was the duty of the Court of Civil Appeals, if satisfied an ordinary prudent man would have done no more than was done by the city, to have reversed the judgment. This is what the Court of Civil Appeals have done. The substance of their opinion is that "the evidence fails to show" negligence on part of the city. It is not that there was no evidence of negligence. We construe the opinion to mean that, while there may be evidence from which the jury might have found against the city, yet, in the light of all the facts actually proved, that

finding is so strained as to require the court to set aside. This is the determination of a question of fact, upon which the decision of the Court of Civil Appeals is made final by the Constitution. We have no power to review their determination of the question, and have no jurisdiction of the case, although it is averred in the petition for the writ that the decision of the Court of Civil Appeals practically settles the case.

Accordingly, the case is dismissed for the want of jurisdiction.

*Writ of error dismissed.*

Associate Justice Brown did not sit in this case.