ELIZA D. POWELL V. TEXAS AND NEW ORLEANS RAILROAD COMPANY.

No. 442.—Decided June 8, 1896.

1. **Jurisdiction of Supreme Court—Practically Settling Case.**

 To show jurisdiction in Supreme Court to review a decision of the Court of Civil Appeals, reversing and remanding a case, the petition for writ of error must show, both that the judgment practically settles the case, and that the petitioner's attorneys so state.

2. **Same—Case in Judgment.**

 Plaintiff sued, alleging that she was wrongfully ejected from a railway train, after tendering a valid ticket, and, upon the conductor's refusal to accept it, offering to pay fare; defense, that the ticket was a limited one, sought to be used after the time had expired was disallowed by the trial court, which held the ticket unlimited. Plaintiff recovered; and on appeal therefrom the ticket was held to be a limited one, and the cause reversed and remanded for this error, without passing on other questions involved; appellee, plaintiff below, obtained a writ of error, stating in her petition that "The plaintiff in error and her attorneys of record allege that the judgment and decision of the Court of Civil Appeals * * * practically settles the case."

 Held, that since the claim of plaintiff that she had tendered fare in cash was not disposed of by the opinion, and there was evidence in the record tending to support that theory, the ruling did not practically settle the entire case, and the Supreme Court was without jurisdiction.

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Liberty County. The opinion states the case.

*J. F. Laurier, C. B. Martin,* and *Douglas & Jackson,* for plaintiffs in error.

*Baker, Botts, Baker & Lovett* and *S. R. Perryman,* for defendant in error.

DENMAN, ASSOCIATE JUSTICE.—Plaintiff in error sued defendant in error, alleging in her petition that on the 24th day of May, 1894, she purchased a ticket over defendant's road, whereby it agreed to transport her from Houston to New Orleans; that on the 18th day of July, 1894, having boarded defendant's train at Houston for the purpose of going to New Orleans, she tendered to the conductor such ticket for the purpose of securing her said passage on said train, whereupon said conductor refused to receive same, and thereupon "she offered to the conductor in charge of said train, whose duty it was to receive fare from said passengers and take up the tickets, the sum of $3.85, in payment of her passage into the state of Louisiana, being the regular rate of fare on line of defendant's railroad and the connecting lines to said point;" "that defendant company knowingly, wilfully and wantonly, acting by and through said servants and agents as before alleged, refused to take the ticket in payment of the fare to New Orleans, or any other point on defendant's railroad, or any connecting line therewith, and refused to receive or take said money, offered in payment of her fare as hereinbefore alleged, and refused wilfully, wantonly, and knowingly to permit plaintiff to ride on its cars;" but in the night time wilfully, wantonly, maliciously, and

knowingly, forcibly ejected her from the train in the town of Liberty, wherefore she was greatly damaged, for which she prayed for judgment and general relief.

Defendant, among other things, pleaded that the ticket which plaintiff tendered the conductor was only good if used on a continuous trip, beginning on the day of purchase, and that it was so understood between the defendant and plaintiff, the language of the ticket being set out in such answer.

On exceptions made by plaintiff to the answer alleging that the ticket was limited to use beginning on the day of purchase, the trial court, construing the ticket, held that it was unlimited, and sustained the exception to said portion of the answer. On the trial before a jury the plaintiff recovered judgment from which the defendant appealed to the Court of Civil Appeals, which court, construing the language of said ticket, held it was limited to one continuous passage, beginning on the day of its purchase, and that it did not authorize plaintiff to ride upon the train of defendant at the time she was ejected, and reversed and remanded the cause without passing upon any other questions in the case. From this judgment of the Court of Civil Appeals the plaintiff in error has brought the case to this court by writ of error, seeking to have this court revise the ruling of the Court of Civil Appeals in reversing and remanding the cause. Plaintiff in error seeks to give this court jurisdiction by alleging "that the judgment and decision of the Court of Civil Appeals for the First Supreme Judicial District of Texas in this cause, wherein and whereby the judgment of the District Court of Liberty County, Texas, is reversed, practically settles the case." One of the instances in which this court has jurisdiction of a reversed and remanded cause is "when the judgment of the Court of Civil Appeals, reversing a judgment, practically settles the case, and this fact is shown in petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case." It will be observed that the portion of the statute above quoted prescribes two conditions as essential to the jurisdiction of this court, to-wit, (1) that the petition for writ of error must show that the judgment of the Court of Civil Appeals practically settles the case, and (2) that the attorneys for petitioners shall so state. Under the express terms of the statute one of these conditions is just as essential as the other. The present application shows the existence of the second condition, but not the first; for it is clear that the ruling of the Court of Civil Appeals as to the validity of the ticket at the time it was attempted to be used did not finally dispose of that part of plaintiff's petition whch alleged that, being upon the train and before she was ejected, she tendered to the conductor the regular fare to the State line. The most that can be said of the finality of the decision of the Court of Civil Appeals is that it disposes of the ticket as evidence of plaintiff's right to continue upon the car and leaves the case upon her allegation of being wrongfully ejected after having tendered the lawful fare to a point beyond the place of ejection. If this

theory of plaintiff's case be true, and there is evidence in the record tending to support it, we do not see that the ruling of the Court of Civil Appeals would at all affect her right to recover unless it would deprive her of the right to recover for the value of the ticket from the place of ejection to New Orleans. We do not express any opinion upon the correctness of the ruling of the Court of Civil Appeals nor upon any other question in this case except to hold that the decision of the Court of Civil Appeals does not practically settle the entire case, and therefore this court has no jurisdiction, for which reason the application for writ of error will be dismissed. Powers v. Schmidt, 87 Texas, 385.

*Writ of error dismissed.*