A. R SMITH v. HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY.

Decided November 12, 1896.

**Supreme Court—Questions of Law or Fact—Practically Settling Case.**

The jurisdiction of the Supreme Court being confined to questions of law, and in judgments not final to those where the ruling on a point of law practically settles the case, it cannot review a decision of the Court of Civil Appeals reversing and remanding with the statement that it is clear that the evidence is not sufficient to authorize a recovery by plaintiff, where, from the whole opinion, that ruling appears to be one upon the weight of evidence, and not a ruling that there was no evidence to support the verdict nor an instruction to the lower court to direct a verdict on the same evidence being presented again.

MOTION for rehearing of application for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Limestone County.

Suit by A. R. Smith against railway company to recover damages for death of her son. Plaintiff had verdict and judgment for $3000, and the company appealing, the case was reversed and remanded. Plaintiff's petition for writ of error alleged that the ruling settled the case, for there was no further evidence that she could produce. The petition being dismissed for want of jurisdiction, she filed this motion for a rehearing thereon.

*Farrar, Williams & Farrar,* for plaintiff in error.

*Baker, Botts, Baker & Lovétt* and *Frank Andrews,* for defendant in error.

No briefs have reached the Reporter.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiff in error to recover of the defendant company damages for injuries resulting in the death of her son, which were alleged to be caused by the defendant's negligence. She recovered a judgment in the trial court. Upon appeal the Court of Civil Appeals reversed the judgment and remanded the cause for a new trial.

The plaintiff below, the appellee in the Court of Civil Appeals, applied to this court for a writ of error, and in order to give this court jurisdiction alleged and sought to show that the decision of the Court of Civil Appeals practically settled the case. This court held that the case did not come within the exception provided in subdivision 8 of article 941 of the Revised Statutes, and dismissed the application.

This is a motion for a rehearing of the application in which it is insisted that this court has jurisdiction to grant the writ.

By the Constitution our jurisdiction is restricted to questions of law arising in the Court of Civil Appeals, and it authorizes the Legislature

to prescribe the cases in which even such questions shall be reviewed. The statute provides that no writ of·error shall be granted to a judgment by which the judgment of the trial court is reversed and the cause remanded except in certain specified cases. The last of the excepted categories is:

"When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case." (Rev. Stats., 1895, art. 941, sub. div. 8.)

It follows that the question upon which the writ of error is sought must be one of law; and that, when jurisdiction is claimed upon the ground that the decision of the Court of Civil Appeals practically settles the case, it must appear from the record and the petition for the writ that the decision is decisive of the case without better evidence, and the applicant must in effect so state in his petition. Lee v. Railway, 89 Texas, 583; Powell v. Railway, 36 S. W. Rep., 72; Warren v. City of Denison, 89 Texas, 557. The motion for a rehearing asserts both that the question submitted to this court for review is one of law, and that the opinion of the Court of Civil Appeals practically settles the case. In our opinion neither proposition is correct. It is true that we meet with an embarrassment in the case that we often encounter. On the trial the issues were: 1. Was the defendant guilty of negligence? and 2. Was the deceased guilty of contributory negligence? The opinion of the court does not make it as clear as it might have been made, whether they intended to hold that there was no evidence of negligence on part of the defendant, or whether their conclusion was that the verdict was against such a preponderance of the evidence upon that issue that it was their duty to set it aside. And so, also, with regard to the issue of contributory negligence. If they intended to hold that the verdict was against the weight of the evidence upon either issue, they had the authority to so decide, and their decision is not subject to review in this court. Where the evidence is conflicting and they decide, either that verdict ought to stand, or that it ought not to stand, their decision is final upon the question. But, if they hold that there is no evidence to support a verdict, that raises a question of law, of which this court may have jurisdiction. If the Court of Civil Appeals in their opinions in this class of cases would state distinctly whether they intend to hold that there is no evidence to support a finding upon an issue, or merely that the finding is against such a preponderance of the evidence that it ought to be set aside, it would relieve us of much difficulty in determining whether we have jurisdiction of the case or not.

It is true that in this case, the court, after stating the facts, say: "It is clear, to our minds, that this evidence is not sufficient to authorize the recovery by plaintiff." But, as we construe it, this statement is predicated upon a previous proposition in the opinion, namely, that "while

there was some slight conflict, we think the great weight of the evidence shows," etc.   From this we infer that the court did not hold that there was no evidence to support the verdict, but that it was against the great weight of the evidence.   The Court of Civil Appeals does not instruct the trial court to direct a verdict for the defendant if the evidence should be the same upon another trial; nor do we think that the trial court should construe it as having that effect.

For the reasons given the motion for a rehearing is overruled.

*Writ of error refused.*