M. L. STIPE ET AL. v. T. E. SHIRLEY ET AL.

Decided July 3, 1903.

**1.—Pleading—Disclaimer.**

When certain of plural defendants set up by metes and bounds the particular parts of the land involved in the litigation and pray judgment therefor, the pleading amounts to a disclaimer as to the remaining parts.

**2.—Final Judgment—Res Adjudicata.**

Original judgment in the court below was in favor of all the defendants against all the plaintiffs. One of the several plaintiffs alone appealed to the Court of Civil Appeals, and that court reversed the judgment as to him, the mandate reciting that the judgment of the trial court as to the nonappealing plaintiffs was left undisturbed. Held, that the judgment was a final one, and, the court having jurisdiction of the parties and the subject-matter, and the same not having been set aside as to the nonappealing parties, was res adjudicata as to them.

**3.—Deed Construed—Fact Case—Charge.**

See the opinion in extenso for a conveyance, and for facts connected therewith, held to show the conveyance of the entire locative interest in the land, and not the mere interest of the husband, and for a correct charge of the court on the issue.

**4.—Same—Superior Title—Purchase in Good Faith—Evidence.**

See the opinion in extenso for state of facts held to establish in the defendants the superior title from the common source, and under which they were entitled to show that they were purchasers in good faith. And note the opinion on the motion for rehearing to the effect that though this court erred in determining the common source that error was immaterial as affecting the merits of this appeal.

Appeal from the District Court of Collin. Tried below before Hon. J. E. Dillard.

*W. M. Abernathy* and *G. R. Smith,* for appellants.

*M. H. Garnett* and *John Church,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by M. L. Stipe, S. F. Dyer, Virginia C. Spence joined by her husband W. M. Spence, Virginia E. Finley joined by her husband G. W. Finley, and A. J. Kerr, against T. E. Shirley, J. A. Lawrence, J. J. Lawrence, R. E. Smith, B. F. Ingram, C. J. Frazier, H. R. Anthony, J. C. Clark, W. A. McCasland, J. D. Caskey, Sarah Caskey, J. N. Chitty, and W. P. Bickley and wife, Mrs. Alice H. B. Bickley, on December 31, 1898, in the District Court of Collin County, to recover certain lands, part of the Benjamin C. Clark survey, located about twenty miles from McKinney, in said county. From a judgment in favor of defendants plaintiffs prosecute an appeal to this court. The facts sufficiently appear in the opinion.

1. Appellants contend that the trial court erred in instructing the jury as follows: "The jury are further instructed that plaintiff S. F. Dyer, Virginia C. Spence joined by her husband W. M. Spence, Vir-

ginia E. Finley joined by her husband G. W. Finley, and A. J. Kerr, at a former term of this court had a trial of their rights to recover said land, and it was determined and adjudged that they or either of them had any right to recover said land described in plaintiff's petition, and the court has refused to let them prosecute their claim to said land again in this suit, and you are instructed that the plaintiff M. L. Stipe is the only plaintiff permitted to prosecute this suit in this prosecution." The case was first tried on November 5, 1900, and resulted in a judgment in favor of the defendants against all the plaintiffs. From that judgment M. L. Stipe alone prosecuted an appeal. The case on appeal was transferred to the Court of Civil Appeals for the First District, and on the 7th day of November, 1901, that court reversed the judgment as to M. L. Stipe, but as to all of Stipe's co-plaintiffs, none of whom had appealed, the judgment of the district court against them was left "undisturbed."

Some of the defendants had set up by metes and bounds the particular tract claimed by them and disclaimed as to the remainder. The others had set up by metes and bounds the tracts respectively claimed by each, and prayed judgment therefor. This in effect was a disclaimer as to the balance of the land. Rev. Stats., art. 5269. The mandate which issued on the judgment reversing the cause as to Stipe recites: "It is further ordered that the judgment of the court below as against the plaintiffs, S. F. Dyer, Virginia C. Spence and her husband W. M. Spence, Virginia E. Finley joined by her husband G. W. Finley, and A. J. Kerr, be undisturbed, and that this decision be certified below for observance." In reversing the cause as to Stipe, who alone had appealed, and leaving the judgment of the district court "undisturbed" as to the other plaintiffs, the judgment of the district court was left in full force and effect as to them. That judgment was a final judgment, the court had jurisdiction of the parties and subject matter, and same not having been set aside as to the parties not appealing, was res adjudicata as to them, and the trial court did not err in so holding. Lovenberg v. Bank, 67 Texas, 449; Williams v. Wiley, 71 S. W. Rep., 12; Freeman v. McAnich, 87 Texas, 132; Powers v. Schmidt, 87 Texas, 385.

2. Complaint is made of the construction placed by the trial court on the deed from James Baker to Wm. C. and R. P. Baker. This conveyance, so far as it is material, reads: "Know all men by these presents: That I, James Baker, of the county of Fannin and State of Texas, have this day bargained, sold and conveyed, and by these presents bargain, sell and convey all my right, title, claim and interest in and to the undivided locative interest of one-fifth part of a league and labor survey of land in the name of Benjamin Clark unto William C. Baker and Robert P. Baker, for and in consideration of the sum of eighteen hundred and forty dollars to me in hand paid, the receipt whereof is hereby acknowledged, said land lying and being in Collin and Hunt counties, on the waters of the Pilot Grove fork of the Trin-

ity," etc. There was evidence that the value of the land in August, 1860, was from one to two dollars per acre. In the partition between the heirs of Benjamin Clark and Washington McClure the locative interest set apart to McClure is described as a one-fifth interest and contains 868 2-5 acres. In the transfer of the bond for title from Washington McClure to James Baker the land is described as being an undivided one-fifth locative interest in the Benjamin Clark survey, and the consideration is $1000.. This conveyance was made February 25, 1852.

James Baker and Susanah Baker were married in 1815, and were husband and wife when James Baker acquired the land. Susanah Baker died in 1858. The plaintiffs, except W. M. Spence and G. W. Finley, are the children or heirs of the children of James and Susanah Baker, and sue for the community interest of their mother. In a suit for partition between James H. Lovejoy and Wm. C. and R. P. Baker a judgment was rendered March 23, 1869, setting aside to said Lovejoy the north half of the locative interest awarded to Washington McClure in the partition of the Clark survey, and awarding the south half of said locative interest to Wm. C. and R. P. Baker. The defendants derive title by mesne conveyances to the tracts respectively claimed by each from said Lovejoy.

The court charged the jury as follows: "The jury are instructed that the deed from James Baker to W. C. and R. P. Baker, dated August 23, 1860, in evidence before them, had the legal effect to convey to W. C. and R. P. Baker all the right, title and interest which he, the said Baker, and his deceased wife, Susanah Baker, had acquired from W. S. McClure, in the league and labor of land patented to the heirs of Benjamin Clark, subject to any equitable interest which S. F. Dyer and the other heirs of Susanah Baker might have by right of inheritance through their said mother, Susanah Baker." James Baker was the common source of title. The question at issue is, have the appellants the superior title from such common source?

The contention of appellants is that the language of the deed shows conclusively that it was not the intention of James Baker to convey the interest of his deceased wife, or that of her heirs, but such interest only as he had in the land. By the terms of the instrument James Baker "bargained, sold and conveyed, and by these presents bargain, sell and convey all my right, title, claim and interest in and to an undivided locative interest of one-fifth part of a league and labor survey of land," etc. It recited a consideration of $1840, as having been paid therefor and acknowledged receipt of payment. It is to be noted that he conveys his "interest in and to an undivided locative interest of one-fifth part of a league and labor in the name of Benjamin Clark," which on partition is shown to be 868 2-5 acres. The consideration agreed to be paid is shown to be the value of an undivided one-fifth interest in this league and labor survey. We are of the opinion that, in the light of all the evidence, the trial court properly construed the deed

as being a conveyance of the one-fifth locative interest in the survey, and not the interest which James Baker alone had therein. White and Newman v. Frank, 91 Texas, 66.

3. It is insisted that there was error in submitting the issue of good faith, and in substance charging the jury that if the defendants purchased and paid for the land without knowledge of plaintiffs' claim to find for defendants. The evidence fairly raised this issue and the court properly submitted the same to the jury. Patty v. Middleton, 82 Texas, 590; Edwards v. Brown, 68 Texas, 329. There was evidence that the defendants, when they purchased the land, had no knowledge of plaintiffs' claim thereto; that they did not know James Baker or Susanah Baker or that they had ever been married. The evidence further shows that they paid value for the land. But counsel contend that the legal title never went into James Baker, the common source; that he only acquired an equity in the land, and for this reason the defendants can not defeat plaintiffs' title, derived by descent, by showing that they were innocent purchasers in good faith. James Baker held under a bond for title which recited a consideration and acknowledged payment of the same. He had such title as the courts recognize and such as was subject of registration. He could use it in a suit to show title and in defense of any suit against him for title or possession. It was superior to the title remaining in his vendor. Neyland v. Ward, 22 Texas Civ. App., 369. The defendants showed a superior title from the common source and were entitled to show that they were good faith purchasers.

4. It is contended that the court erred in instructing the jury that the burden of proof was on the plaintiff to show by a preponderance of evidence that the land was not sold by James Baker to Wm. C. and R. P. Baker to pay community debts. The deed acknowledged payment of the consideration of $1840, which was shown to be the full value of the land. The deed was made August 23, 1860. Susanah Baker died in 1858. It was shown that a judgment was rendered against James Baker for $241.90 principal and $29.43 costs on June 8, 1860, and the jury could have inferred that this was for a community debt. The great lapse of time after the sale by James Baker before plaintiffs made any claim to the property—thirty-eight years—justified the court in concluding that the sale was made to pay community debts, and in placing on the plaintiffs the burden of showing that it was not made for such purpose. Aurenbach v. Wylie, 84 Texas, 619; Hensel v. Kegans, 79 Texas, 347; Veramendi v. Hutchins, 48 Texas, 552.

The assignments not discussed are overruled as being without merit. We conclude that there is no error in the judgment, and the same is affirmed.

*Affirmed.*

ON REHEARING.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellants have filed a motion for rehearing herein, in which it is insisted that we erred in holding that the common source of title to the land in question is James Baker.

It is insisted that Washington McClure, and not James Baker, is the common source. In the brief of appellees it is contended that both parties deraigned title from James Baker, and that he was the common source. We adopted this view. In so doing we were in error. We hold that the deed from James Baker to W. C. and R. P. Baker conveyed to them the one-fifth locative interest in the survey, being the interest which Washington McClure sold to James Baker. Under this holding it becomes immaterial whether James Baker or Washington McClure was the common source of title. The result would be the same. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.