## CAMPBELL et al. v. TURLEY et al.
### (No. 6506.)

(Court of Civil Appeals of Texas. San Antonio. March 23, 1921. Rehearing Denied April 6, 1921.)

Appeal and error ☜1099(7)—Decision on prior appeal as to sufficiency of evidence law of case.

Where reversal of same judgment on former appeal was based upon lack of sufficient and satisfactory evidence to support an allegation of fraud, a decision of the appellate court on such appeal was the law of the case, and where the evidence was the same on the second trial as on the first, the judgment must be reversed and rendered on the second appeal.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by Emma Burgemeister Turley and others against Bessie Campbell and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Norton & Brown, of San Antonio, for appellants.

Chambers, Watson & Johnson, of San Antonio, for appellees.

COBBS, J. This is the second appeal of this case. The first is reported in 224 S. W. 528. On neither hearing were there any special findings of fact and conclusions of law requested or filed. It was again tried without a jury on the identical same statement of facts used in the other trial and reintroduced here as the statement of facts of this case, and the judge rendered the same judgment on the 30th day of November, 1920, that he rendered on the former trial.

The appellee contends that the case now before this court, in respect to pleading, is not the same. It is claimed that she made more complete and specific allegations of fraud. An examination of the pleading does not show any material or substantial change from the effect of the former pleading, though more amplified, and leaves it about as it was, so far as the recovery is sought. It is not made to meet any phase of evidence that was not introduced on the former appeal.

The opinion of this court shows the reversal was based upon the lack of sufficient and satisfactory evidence to support the alleged fraud. It is hardly to be expected that an appellate court, after great deliberation having unanimously concurred in a reversal for lack of evidence, will, without other testimony, withdraw from a judgment, the result of the mature judgment of the entire court, because the district court refuses to follow. In other words, as our Supreme Court said, in Wells v. Littlefield, 62 Tex. 34, for to do that "the position of the two courts will be changed. The district court will become the tribunal of last resort, and this court rendered subordinate to it in every respect."

Discussing the same facts in the other appeal, 224 S. W. 530, among other things, we said:

"The testimony of Campbell and wife is consistent, and bears no indications of unreliability, while plaintiff's indicates that she actually made a present of the lots for favors deemed sufficient by her, but afterwards became dissatisfied because she believed Campbell had not been as true a friend as she thought he was."

It is true we did not direct the court to enter a judgment in the case, because we preferred that an opportunity be given appellee to introduce further testimony if she could, which she either declines to do or had no other. Woodson v. Collins & Douglas, 56 Tex. 175.

We regarded that judgment of the trial court then, as now, against the preponderance of evidence upon the issue of fraud, that it should not stand and ought to be set aside. Smith v. H. & T. C. Ry. Co., 90 Tex. 124, 38 S. W. 985.

This is essentially a fact case, and we adhere to our views in this case, and reverse and here render the judgment for appellants.